**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS,** **PLAINTIFF**

**CASE NO.: 6:25cv6053-SOH**

**MONTANA CARRIERS, INC. et al.;** **DEFENDANTS**

# AMENDED ANSWER

Come now defendants, Montana Carriers, Inc. and Jagdeep Dhillon, by and through their attorneys, Puryear Mayfield & McNeil, P.A., and for their amended answer to plaintiff's complaint state:

## I. INTRODUCTION

Defendants deny all allegations of negligence, negligent hiring, training, operation or supervision, negligent retention or recklessness stated in the introduction to the Complaint

## II. RESIDENCY AND PARTIES

1. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, deny same.

2. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, deny same.

3. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, deny same.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Admit that Plaintiff's Decedent, Willis Paul Lee, Jr., was injured in the vicinity of the Interstate 30 on October 31, 2024, but deny each and every remaining allegation contained in paragraph 5 of the Complaint.

6. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, deny same.

7. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, deny same.

8. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, deny same.

9. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, deny same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admit that Defendant Jagdeep Dhillon was an employee of Montana Carriers, Inc. and operated a 2025 Freightliner semi-tractor/trailer unit on or about October 31, 2024, but deny all remaining allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint does not appear to be directed to Defendants, and no specific "Defendant Rourke" has been named in the Complaint. To the extent that any allegations contained in paragraph 15 of the Complaint are directed to Defendants, they deny each and every allegation contained in Paragraph 15 of the Complaint.

16. Admit that Defendant Montana Carriers, Inc. is a for-profit company headquartered in Ontario, Canada, with its principal place of business at 22 McCauley Drive, Bolton, Ontario L7E 0B6, and that Montana Carriers, Inc. is the owner of a tractor involved in a motor vehicle accident on October 31, 2024, but deny each and every remaining allegation contained in paragraph 16 of the Complaint.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admit that Montana Carriers Inc. maintains twenty-five tractor units and up to twenty-five drivers, and that Exhibit B to the Complaint speaks for itself, but deny each and every remaining allegation contained in Paragraph 20 of the Complaint.

21. Admit that Exhibit E to the Complaint speaks for itself, that Stephen Smith, located at 1206 Garrison Avenue, Fort Smith, Arkansas 72901, is listed as the agent for service of process in Arkansas for All-American Agents of Process, pursuant to Exhibit E to the Complaint, but deny each and every remaining allegation contained in paragraph 21 of the Complaint.

22. Admitted.

23. Paragraph 23 of the Complaint contains conclusions of law as to vicarious liability, and therefore, no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains conclusions of law as to statutory definitions, and does not appear to be directed to Defendants, and therefore no response is required. To the extent that a response is required, Defendants admit that 49 U.S.C. § 13102(13) provides for

the definition of a "shipper," pursuant to the Federal Motor Carrier Safety Act, and deny the remaining allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint calls for a legal conclusion, and therefore no response is required; further, paragraph 25 of the Complaint does not appear to be directed to Defendants, who are named in the Complaint. To the extent that paragraph 25 is construed to apply to Defendants, they deny same.

26. Paragraph 26 of the Complaint does not appear to be directed to Defendants, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint does not appear to be directed to Defendants, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint does not appear to be directed to Defendants, and therefore no response is required. To the extent that a response is required, Defendants admit that Exhibit F speaks for itself, and deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendants admit that a motor vehicle collision occurred on Interstate 30 on October 31, 2024 in Clark County, Arkansas, but deny the remaining allegations contained in paragraph 29 of the Complaint.

## III. JURISDICTION AND VENUE

30. Defendants incorporate their answers to paragraphs 1 through 29 of the Complaint as though fully restated herein.

31. Defendants admit that this Court has subject matter jurisdiction, pursuant to removal from Clark County Circuit Court, according to 28 U.S.C. § 1332 and 1441(a).

32. Defendants admit this Court is the proper venue, pursuant to removal from Clark County Circuit Court and according to U.S.C. § 1391(b) and 1446(a).

## IV. BASIC PREMISE

33. Defendants admit the occurrence of a motor vehicle collision on or about October 31, 2024, on Interstate 30 in Clark County, Arkansas, but deny Plaintiff's remaining allegations in paragraph 33 of the Complaint.

## V. FACTS

34. Defendants incorporate their answers to paragraphs 1 through 33 as though fully restated herein.

35. Admitted.

36. Admit that Defendant Montana Carriers Inc. maintains twenty-five tractor units and up to twenty-five drivers, but deny the remaining allegations contained in paragraph 36 of the Complaint.

37. Admit that Defendant Montana Carriers Inc. owned the tractor/trailer unit operated by Defendant Jagdeep Dhillon on October 31, 2024.

38. Admit that Defendant Jagdeep Dhillon was an employee of Defendant Montana Carriers, Inc. as of October 31, 2024; admit only those training duties as prescribed by federal law, but Defendants deny each and every remaining allegation contained in paragraph 38 of the Complaint.

39. Admit that Defendant Dhillon was transporting a load of goods across the state of Arkansas on Interstate 30, on or about October 31, 2024, but deny each and every remaining allegation contained in paragraph 39 of the Complaint.

40. Admit that Defendant Montana Carriers Inc. managed, controlled and supervised the manner, method and procedure for how Defendant Jagdeep Dhillon's load would be transported, including the date and time for pick-up and delivery, and the assignment of a bill of lading, but Defendants deny each and every remaining allegation contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint calls for a legal conclusion as to a joint venture, and therefore no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in paragraph 41 of the Complaint.

42. Admitted.

43. Admitted.

44. Deny the allegations contained in paragraph 44 of the Complaint so far as they are directed to the motor vehicle collision occurring on October 31, 2024.

45. Admitted.

46. Admitted that it had been raining, but deny the remaining allegations in paragraph 46 of the Complaint.

47. Admit that the Decedent, Willis Paul Lee, Jr., reduced his speed, but Defendants deny the remaining allegations contained in paragraph 47 of the Complaint.

48. Defendants admit that Defendant Dhillon was traveling in a geographic position behind Plaintiff on or about 8:45 a.m. on October 31, 2024; but Defendants deny the remaining allegations contained in paragraph 48 of the Complaint.

49. Deny each and every allegation contained in paragraph 49 of the Complaint.

50. Admit that Decedent Willis Paul Lee, Jr.'s Dodge Ram truck traveled down a roadside and into the bottom of an embankment, striking several small trees and then a large tree, but deny each and every remaining allegation contained in paragraph 50 of the Complaint.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint.

53. Deny each and every allegation contained in paragraph 53 of the Complaint.

54. Deny each and every allegation contained in paragraph 54 of the Complaint.

55. Deny each and every allegation contained in paragraph 55 of the Complaint.

56. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and, therefore, deny same.

57. Deny that any injuries sustained by Plaintiff's Decedent, Willis Paul Lee, Jr., including his death, were proximately caused by alleged negligence of Defendant Dhillon, and Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint, and therefore, deny the same.

## VI. CAUSE OF ACTION—NEGLIGENCE DEFENDANT DHILLON

58. Defendants incorporate their answers to paragraphs 1 through 57 of the Complaint as though fully restated herein.

59. Deny each and every allegation contained in paragraph 59, and specifically including subparts (a), (b), (c), (d), (e), (f), (g), (h), (i) and (j) of paragraph 59, of the Complaint.

60. Deny each and every allegation contained in paragraph 60, and specifically including subparts (a), (b), (c), (d) and (e) of paragraph 60, of the Complaint.

61. Paragraph 61 of the Complaint contains conclusions of law as to statutory definitions, and therefore no response is required. To the extent that a response is required, Defendants admit that 49 C.F.R. § 382.107 provides for the definition of a "commercial motor vehicle." Defendants further admit only those duties imposed by federal and Arkansas state law, and deny the remaining allegations in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62, including subparts (a), (b) and (c) of paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains conclusions of law as to foreseeability, and therefore, no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains conclusions of law as to vicarious liability and negligent hiring, and therefore no response is required. To the extent that a response is required, Defendants deny the applicability of the legal precedent cited and the allegations in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains conclusions of law as to duty of care, and therefore no response is required. To the extent that a response is required, Defendants admit only those duties prescribed at law, but denies the remaining allegations in paragraph 67 of the Complaint.

68. Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

**CAUSE OF ACTION NO. 2—NEGLIGENCE OF MONTANA CARRIERS**

69. Defendants incorporate their answers to paragraphs 1 through 68 of the Complaint as though fully restated herein.

70. Deny each and every allegation contained in paragraph 70 of the Complaint, including subparts (a), (b), (c), (d) and (e) of paragraph 70.

71. Deny each and every allegation contained in paragraph 71 of the Complaint, including (a), (b), (c), (d) and (e) of paragraph 71.

72. Deny each and every allegation contained in paragraph 72 of the Complaint, including (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m) and (n).

73. Paragraph 73 of the Complaint contains conclusions of law as to statutory definitions, and therefore no response is required. To the extent that a response is required, Defendants admit that 49 C.F.R. § 390.5 provides for the definition of an "employer," and further admit only those duties imposed at federal and Arkansas state law, but deny the remaining allegations in paragraph 73 of the Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains conclusions of law as to statutory duties of care, and therefore no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76. Deny each and every allegation contained in paragraph 76 of the Complaint.

**CAUSE OF ACTION NO. 3—VICARIOUS LIABILITY**

77. Defendants incorporate their answers to paragraphs 1 through 76 of the Complaint as though fully restated herein.

78. Paragraph 78 of the Complaint contains conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains conclusions of law as to statutory definitions, and therefore no response is required. To the extent that a response is required, Defendants admit that 49 C.F.R. § 390.5 provides for the definition of an "employee," and further admit that Defendant Dhillon functioned as an employee of Defendant Montana Carriers as of October 31, 2024, but deny the remaining allegations in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains conclusions of law as to agency, and therefore no response is required. To the extent that a response is required, admits that Defendant Dhillon acted as an employee of Defendant Montana Carriers on October 31, 2024.

81. Admit that Defendant Dhillon was acting as an employee of Defendant Montana Carriers on October 31, 2024.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

83. Deny each and every allegation contained in paragraph 83 of the Complaint.

84. Deny each and every allegation contained in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint contains conclusions of law as to duty, and therefore no response is required. To the extent that a response is required, Defendants admit only those duties prescribed at law, but deny each and every remaining allegation contained in paragraph 85 of the Complaint.

86. Deny each and every allegation contained in paragraph 86 of the Complaint.

87. Deny each and every allegation contained in paragraph 87 of the Complaint.

88. Deny each and every allegation contained in paragraph 88 of the Complaint.

**CAUSE OF ACTION—SURVIVAL AND WRONGFUL DEATH**

89. Defendants incorporate their answers to paragraphs 1 through 88 of the Complaint as though fully restated herein.

90. Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint, and therefore, deny same.

91. Deny each and every allegation contained in paragraph 91 of the Complaint.

92. Deny each and every allegation contained in paragraph 92 of the Complaint.

93. Deny each and every allegation contained in paragraph 93 of the Complaint.

94. Deny each and every allegation contained in paragraph 94 of the Complaint.

## VII. PROXIMATE CAUSATION

95. Defendants incorporate their answers to paragraphs 1 through 94 of the Complaint as though fully restated herein.

96. Deny each and every allegation contained in paragraph 96 of the Complaint.

## VIII. INJURIES AND COMPENSATORY DAMAGES

97. Defendants incorporate their answers to paragraphs 1 through 96 of the Complaint as though fully restated herein.

98. Deny each and every allegation contained in paragraph 98 of the Complaint, including subparts (a), (b), (c) and (d) of paragraph 98.

99. Deny each and every allegation contained in paragraph 99 of the Complaint, including subparts (a), (b), (c), (d), (e) and (f).

100. Deny each and every allegation contained in paragraph 100 of the Complaint.

101. Deny each and every allegation contained in paragraph 101 of the Complaint.

## IX. DEMAND FOR JURY TRIAL

102. Defendants join in plaintiff's demand for trial by jury for all issues so triable.

## X. DEMAND & PRAYER

103. Deny each and every allegation contained in paragraph 103 of the Complaint.

104. Deny each and every allegation contained in paragraph 104 of the Complaint.

105. Deny all other allegations, averments or statements of fact in the Complaint that have not been specifically admitted, denied or explained herein.

106. Defendants deny that they were guilty of any fault, negligence, or other actionable misconduct which caused the incident alleged herein; and further, in the alternative, plead that the circumstances were the result of intervening and superseding proximate causes.

107. Affirmatively plead that the collision that occurred between the vehicles operated by Plaintiff's Decedent and Defendant Dhillon were proximately caused by the actions, negligence, fault and conduct of Plaintiff's Decedent, including, but not limited to:

a. his failure to operate his vehicle at a reasonable speed under the circumstances then and there existing;

b. his failure to keep his vehicle under proper control; and

c. his failure to operate his vehicle as a reasonably careful and prudent person would or should have under the same or similar circumstances.

108. The fault and negligence of Plaintiff's Decedent is pled in bar and/or diminution of any right to recovery herein by Plaintiff, and Defendants affirmatively plead the application of the comparative fault statute, Ark. Code Ann. § 16-64-122 *et seq.*

109. Defendants affirmatively plead that the motor vehicle collision that is the subject of this litigation was not the proximate cause of Decedent's death; and that his death was solely and proximately caused by other health and medical conditions and circumstances.

110. Defendants affirmatively plead that Plaintiff and those persons identified in the Complaint who assert that they are statutory beneficiaries and entitled to recover damages for wrongful death of Decedent lack sufficient proof of same and are not entitled to any recovery; therefore, all such claims should be dismissed.

111. Defendants affirmatively plead in the alternative that they are not liable for all of Plaintiff's alleged damages and/or Plaintiff's allegations of wrongful death based on Plaintiff's Decedent's failure to properly mitigate his damages; specifically, Decedent declined medical

treatments and failed to follow the recommendations of his medical care providers which would have mitigated or prevented the damages that Plaintiff claims were sustained by Decedent.

112. Defendants affirmatively plead all defenses, rights and remedies available to them under the Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 *et seq.*, as amended, and the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201 *et seq.*, including all rights of contribution and to an allocation of fault as among all persons or entities whose acts or omissions caused or contributed to the damages claimed herein by Plaintiff, whether or not said persons or entities have been made, or continue to be, parties to this action, specifically, Defendants are entitled to allocation of the fault of Plaintiff's Decedent, and for these Defendants to have their liability, which is specifically denied, diminished by the percentage of fault allocated to all other persons and entities whose acts or omissions caused or contributed to the damages claimed herein by Plaintiff, the amount of consideration paid for the release of any such persons, or an agreed amount or proportion provided to reduce such claims, whichever amount is greater.

WHEREFORE, Defendants, Montana Carriers, Inc. and Jagdeep Dhillon, pray that Plaintiff's complaint be dismissed and she take nothing; and for all other relief to which they are entitled herein.

Respectfully submitted,

Jeffrey W. Puryear (93109)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

By:/s/ Jeffrey W. Puryear
*Attorney for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

## CERTIFICATE OF SERVICE

I hereby certify that on this _________ day of January, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear