**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS, as Personal Representative and SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased** **PLAINTIFF**

**v.** **CASE NO.: 6:25cv6053-SOH**

**MONTANA CARRIERS, INC. et al** **DEFENDANTS**

# PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Mikki Hastings, as Personal Representative and Special Administratrix of the Estate of Willis Paul Lee, Jr., deceased, and on behalf of the estate and wrongful death beneficiaries, by and through the undersigned counsel RAINWATER, HOLT & SEXTON, P.A. and for their First Amended Complaint against the Defendants hereby state and allege as follows:

## I. INTRODUCTION

This is a survival and wrongful-death case of ordinary negligence, negligent hiring, negligent training, negligent operation, negligent supervision, negligent retention and recklessness that stems from the Defendants' careless, reckless and negligent conduct on or about October 31, 2024, that resulted in injury to, and the death of, Willis Paul Lee, Jr.

## II. RESIDENCY & PARTIES

1. Willis Paul Lee, Jr., was at all times relevant a citizen and resident of Chidester, Arkansas.

2. Willis Paul Lee, Jr. was sixty seven years old (67) on or about October 31, 2024.

3. Willis Paul Lee, Jr. was a loving uncle to four (4) adult nieces while living on his own in Arkansas.

4. On or about October 31, 2024, Willis Paul Lee, Jr. was driving his 1996 Dodge Ram east on Interstate 30.

5. As a result of a motor vehicle collision on October 31, 2024 on Interstate 30 in Clark County, Arkansas, Willis Paul Lee, Jr. was severely injured.

6. The severity of the injuries required a lengthy hospitalization for Willis Paul Lee, Jr. including surgery and multiple other procedures.

7. Sadly, Willis Paul Lee, Jr. died undergoing medical treatment for his injuries sustained in the October 31, 2024 motor vehicle collision on or about January 30, 2025 having never left a medical facility since the October 31, 2024 collision. The injuries sustained in the motor vehicle collision were a proximate cause of Willis Paul Lee's death.

8. Plaintiff Mikki Hastings was at all times relevant to this action a citizen and resident of Okolona, Arkansas.

9. Plaintiff Mikki Hastings is the niece of the deceased, Willis Paul Lee, Jr., and relied on her late Uncle as a father figure who guided, advised and mentored her throughout her life.

10. Mikki Hastings is the Special Administratrix of the Estate of Willis Paul Lee, Jr., Deceased, pursuant to an Order entered by the Clark County Circuit Court, Probate Division, Case No. 10PR-25-24. A copy of the *Order Appointing Special Administratrix* is attached hereto as **Exhibit A**.

11. Mikki Hastings accepted the appointment and filed said with the Court on February 20, 2025. **See attached Exhibit B.**

12. The clerk of the Court from Clark County issues Letters of Special Administration and filed same with the Court also on February 20, 2025. **See attached Exhibit C.**

13. Defendant, Jagdeep Singh Dhillon, (hereinafter “Defendant Dhillon”) was at all times relevant a citizen and resident of the city of Brampton located in the providence of Ontario, Canada.

14. Defendant Dhillon is believed to be the driver of the Montana Carriers, Inc. owned 2025 Freightliner semi-tractor and/or trailer leased and/or contracted to Defendant Montana Carriers, Inc. involved in a motor vehicle collision on or about October 31, 2024 to which Willis Paul Lee, Jr. was injured and which resulted in his death.

15. Upon the Plaintiffs’ information and belief, Defendant Rourke may be served with process at134 Banting Cres, Brampton, Ontario, L4T.

16. Upon Plaintiff’s information and belief, Defendant, Montana Carriers, Inc. (hereinafter referred to as “Montana Carriers”), is a foreign for profit limited liability company headquartered in the providence of Ontario, Canada with its principal place of business at 22 McCauley Driver, Bolton, ON L7E 0B6 and is believed to be the owner and/or lessor of the tractor and/or trailer involved in the incident of October 31, 2024 that caused serious bodily injuries to Willis Paul Lee, Jr..

17. Upon Plaintiffs’ information and belief, Defendant Montana Carriers is conducting business under the laws of the providence of Ontario, Canada as well as the United States and is in good standing.

18. Defendant Montana Carriers is not registered with the Arkansas Secretary of State.

19. However, Defendant Montana Carriers operates pursuant to United States Department of Transportation (US DOT) number 3108452 and Motor Carrier (MC) 81416 as a motor carrier as defined by 40 C.F.R. §390.5.

20. Upon Plaintiffs' information and belief Defendant Montana Carriers employs up to twenty-five (25) drivers and operates up to twenty five (25) tractors/power units hauling general freight and other goods and materials doing business within the boundaries of the State of Arkansas. It is a transporter and/or distributor of products using company owned and/or leased tractors/power units. **See attached hereto SAFER snapshot 2 pages as Exhibit D.**

21. Pursuant to 49 C.F.R. §366 et al, Defendant Montana Carriers has completed a BOC-3 form and submitted it to the U.S. Department of Transportation and Federal Motor Carrier Safety Administration. Through the BOC-3 form, Defendant Montana Carriers has specifically designated All-American Agents of Process as its blanket company and Stephen Smith, 1206 Garrison Avenue, Fort Smith, Arkansas 72901 as the agent for service in Arkansas for the blanket Company All-American Agents of Process. **See attached as Exhibit E (information from the public FMCSA webpages) attached hereto and incorporated by reference respectively.**

22. At the time of the incident giving rise to this action, Defendant Dhillon was acting within the course and scope of his agency and/or employment and under the direct dominion and control of Defendant Montana Carriers and was directed by Defendant and/or Defendants to transport various loads in interstate commerce subject to separate contract carrier agreements, broker agreements and/or lease agreements.

23. As a result of the relationships between Dhillon and Montana Carriers, all alleged acts, omissions, negligence and/or recklessness of Dhillon set forth in this Complaint are

imputed to Montana Carriers and any unknown shipper under the Federal Motor Carrier Act which is adopted by Arkansas state statute, and under the doctrine of *respondeat superior*.

24. "Shipper," as defined by 49 U.S.C. §13102(13), means: a person who is the shipper, consignor, or consignee of a household goods shipment; is identified as the shipper, consignor or consignee of the face of the bill of lading; owns the goods being transported; and pays his or her own tariff transportation charges. The shipper of goods in this incident is presently unknown as Plaintiffs do not have a copy of the bill of lading for Defendant Dhillon's load.

25. Pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose of tolling the statute of limitations, may file a Complaint stating his or her cause of action in the appropriate court of this State, whenever the identity of the tortfeasor is unknown.

26. In the alternative, the name or names of the unknown tortfeasor(s), individual person(s), or entity(ities), shall be designated by the pseudo-name John Doe. Thus, in this case, John Does 1-3 and/or John Doe Entities 1-3, in the alternative, is and/or are the official name(s) of any individual person, defendant and/or entity with which any individual person and/or Defendant may be associated.

27. Upon determining the identity of the unknown tortfeasor(s), Plaintiff will amend this Complaint by substituting the real name(s) for the pseudo-name.

28. The Plaintiffs have attached hereto the Affidavit of Plaintiffs' counsel that the identity of the tortfeasor(s) is presently unknown, pursuant to Ark. Code Ann. § 16-56-125. **See attached hereto Exhibit F**.

29. The incident giving rise to this cause of action is a motor vehicle collision that occurred on Interstate 30 on October 31, 2024 in Clark County, Arkansas.

## III. JURISDICTION AND VENUE

30. All of the preceding statements and/or allegations contained within paragraphs 1-29 are hereby adopted and re-alleged herein as stated word for word.

31. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all action proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

32. Venue is proper pursuant to Ark. Code. Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brough in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## IV. BASIC PREMISE

33. This is a survival and wrongful death case pursuant to Ark. Code Ann. §§ 16-62-101 and 16-62-102, which arises from a motor vehicle collision that occurred on or about October 31, 2024 on Interstate 30 in Clark County, Arkansas, that resulted in injury to and the death of Willis Paul Lee, Jr.

## V. FACTS

34. Plaintiffs re-allege those matters as set forth in paragraphs 1-33 above herein as if set forth fully herein.

35. Defendant Montana Carriers hauls general freight and other goods *inter alia*, across the roadways of the United States, including, but not limited to Interstate 30 in Arkansas.

36. Defendant Montana Carriers has a fleet of at least twenty-five (25) tractors and employs up to twenty five (25) drivers that drive thousands of miles each year across the United States, including the State of Arkansas.

37. Defendant Montana Carriers owns and/or leases tractors and/or trailers, including, but not limited to, the 2025 Freightliner tractor and trailer operated by Defendant Dhillon on October 31, 2024.

38. Defendant Montana Carriers, as the employer of Defendant Dhillon, controlled training for Dhillon on safety, driving standards, the Federal Motor Carrier Safety Act Regulations, their internal safety and driving standards as well as state and federal law and the rules of the road.

39. On or about October 31, 2024, Defendant Dhillon was directed by Defendant Montana Carriers to transport a load of goods across Arkansas on Interstate 30.

40. Defendant Montana Carriers managed, controlled and supervised the manner, method and procedure for how the load would be transported, including the date and time the transport was to be picked up and delivered, the route to be taken, payment restrictions, the bill of lading and extensive driving instructions.

41. Defendants Dhillon and Montana Carriers were engaged in a joint venture with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce and were acting within the course and scope of this venture in furthering the business duties of each other and are liable for the negligence of each other.

42. On or about October 31, 2024, at approximately 8:45 a.m., Defendant Dhillon was driving a 2025 Freightliner pulling a trailer traveling on Interstate 30 east in the right lane at or around the 74 mile marker.

43. Upon Plaintiffs' information and belief, the 2025 Freightliner and/or trailer were owned and/or leased by and/or to Defendant Montana Carriers.

44. This area of Interstate 30 is very flat and visibility is clear without any obstructions.

45. At the same time Willis Paul Lee, Jr was also eastbound in the right lane of Interstate 30 in front of the tractor and trailer operated by Defendant Dhillon.

46. The weather conditions at the time of the collision were intermittent due to rain, making all motorists know of the road conditions and potential limited visibility and should drive accordingly.

47. Due to the rain, Willis Paul Lee, Jr., upon the Plaintiff's information and belief, began to slow down and reduce his speed so as to maintain both visibility and control of his Dodge Ram.

48. At the same time as Willis Paul Lee, Jr. began to slow his truck due to the weather conditions and roadway surface, Defendant Dhillon, in the tractor and trailer owned and/or leased to Defendant Montana Carriers was directly behind Willis Paul Lee, Jr.

49. Defendant Dhillon failed to maintain a safe and proper speed of his tractor and trailer for both the weather conditions, visibility and roadway surfaces and was unable to slow his speed, striking the rear of the Dodge Ram operated by Willis Paul Lee, Jr.

50. The force of the collision forced the Dodge Ram down the roadside and into the bottom of the embankment, striking several small trees until the Dodge Ram came in contact with a large tree that stopped its momentum.

51. After striking the Dodge Ram truck of Willis Paul Lee, Jr., Defendant Dhillon continued traveling east on Interstate 30 despite watching in horror as the Dodge truck left the roadway and struck the tree.

52. Only after law enforcement and first responders were on the scene attending to the seriously injured Willis Paul Lee, Jr. did Defendant Dhillon return to the area and report that he has failed to reduce his speed and struck the rear of the Dodge truck causing the injuries sustained by Willis Paul Lee, Jr.

53. Defendant Dhillon, carelessly, recklessly and/or negligently, without due regard for the rights and safety of others, failed to maintain a safe and proper speed of the 2025 Freightliner for traffic and weather conditions while in operation on Interstate 30 causing him to rear end the Willis Paul Lee, Jr. vehicle.

54. Defendant Dhillon, carelessly, recklessly and/or negligently, without due regard for the rights and safety of others, failed to maintain a safe and proper distance from other motorists operating on Interstate 30 near mile marker 74.

55. Due to the careless, reckless and/or negligent actions of Defendant Dhillon, Willis Paul Lee, Jr., who, upon the Plaintiffs' information and belief, was rear ended by Defendant Dhillon, causing significant and substantial bodily and personal injuries to his body.

56. Paramedics and other emergency personnel were immediately dispatched to the scene and transported Willis Paul Lee, Jr. for medical care for the serious, significant injuries he received in this collision.

57. The collision caused by the negligence of Defendant Dhillon was violent, forceful and, tragically, deadly for Willis Paul Lee, Jr. who died while receiving medical care related to the injuries received in this collision. Willis Paul Lee, Jr. passed away on January 30, 2025 having never left a medical facility post collision. He was only sixty-seven (67) years old.

## VI. CAUSE OF ACTION – NEGLIGENCE DEFENDANT DHILLON

58. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

59. Defendant Dhillon was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6), & (b)(8);

(c) Operating a vehicle to such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(h) Failing to properly yield the right-of-way in violation of Ark. Code Ann. § 27-51-503;

(i) Failing to properly stop in violation of Ark. Code Ann. § 27-51-601; and

(j) Otherwise failing to exercise ordinary care under the circumstances.

60. In addition, Defendant Dhillon failed to use the ordinary and reasonable care required under the circumstances by engaging the following separate and/or independent acts and/or omissions:

(a) Failing to obtain adequate education, direction and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor he was driving;

(b) Operating a commercial motor vehicle without the required knowledge to do so safely;

(c) Operating a commercial motor vehicle without the required skills to do so safely;

(d) Failing to look out for traffic on the Interstate at any time prior to the collision; and

(e) Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency.

61. At all times relevant, Defendant Dhillon was a driver or operator of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 et seq. of the Federal Motor Carrier Safety Regulations. These Federal regulations imposed certain mandatory duties and prohibitions upon Defendant Dhillon to ensure that in driving a commercial vehicle, he conduct himself in a manner that protected public health, safety, and welfare.

62. Defendant Dhillon violated the Federal Motor Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including, but not limited to:

(a) Violation of § 392.2 in failing to operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas;

(b) Violation of § 392.3 providing that no driver shall operate a motor vehicle while the driver's ability and/or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

(c) Violation of § 392.14 requiring extreme caution and reduced speed when hazardous conditions exists.

63. A reasonably careful person, operating a commercial motor vehicle under the same, or similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other people travelling on public highways and interstates just like Willis Paul Lee, Jr.

64. Defendants Dhillon and Montana Carriers failed to have in place and/or failed to follow adequate and/or proper policies and/or procedures for the care and safety of the commuting public.

65. Defendants Dhillon and Montana Carriers failed to have in place and/or failed to follow adequate and/or proper policies and/or procedures in accordance with accepted industry standards ordinarily used by companies in the same or similar business.

66. The Arkansas Supreme Court has recognized that an employer may be held liable for the conduct of a careless, reckless and/or incompetent employee and/or independent contractor when the employer was negligent in hiring the employee and/or contractor. The employer may also be liable in the care of hiring an employee and/or independent contractor when the employer has undertaken to perform certain duties and/or activities and negligently fails them thereafter or performs them in a negligent manner. **Stoltze v. Arkansas Valley Elec. Co-op Corp**., 354 Ark. 601, 607, 127 S.W.2d 466, 470 (2003).

67. Defendant Montana Carriers had a duty to reasonably investigate, monitor, retain, supervise, and/or train Defendant Dhillon with respect to safety issues and the proper speed and operation of their tractors.

68. As the direct, foreseeable, legal and proximate result of the negligence of Defendant Dhillon, Willis Paul Lee, Jr. suffered serious bodily injuries that, ultimately, claimed his life.

## CAUSE OF ACTION NO. 2-NEGLIGENCE OF MONTANA CARRIERS

69. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

70. Defendant Montana Carriers were negligent in the following particulars:

(a) Failing to have adequate policies and/or procedures regarding its drivers driving and the proper method of lookout for other motorists on the highway;

(b) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving in traffic and the proper speed and distance to maintain from the vehicle in front of it;

(c) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

(d) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

(e) Otherwise failing to exercise ordinary care under the circumstances.

71. In addition, Defendant Montana Carriers failed to use ordinary and/or reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a) That Defendant Montana Carriers failed to properly train, monitor, and supervise Defendant Dhillon in the safe operation of the tractor when approaching other vehicles on the roadway;

(b) That Defendant Montana Carriers failed to properly train, monitor, and supervise Defendant Dhillon about distracted driving;

(c) That Defendant Montana Carriers failing to properly train, monitor, and supervise Defendant Dhillon about the duties imposed upon him by the FMSCA and as a holder of a Commercial Driver's License;

(d) That Defendant Montana Carriers knew or should have known that Defendant Dhillon was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed and/or contracted to drive; and

(e) That Defendant Montana Carriers misjudged and/or overestimated the skills and ability of Defendant Dhillon to drive the tractor-trailer.

72. That Defendant Montana Carriers failed to comply with industry standards set forth by the Department of Transportation and/or relevant Federal Regulations dictated for motor carriers in properly training drivers such as Defendant Dhillon which is evidence of negligence, including, but not limited to, the following particulars:

(a) Failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

(b) Failing to train Defendant Dhillon regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasure, fatigue and distracted driving awareness;

(c) Failing to train, monitor, and supervise the driving habits of Defendant Dhillon

(d) Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Dhillon;

(e) Supervision of its drivers, employees, and/or agents, specifically Defendant Dhillon;

(f) Instruction of its drivers, employees, and/or agents, specifically Defendant Dhillon;

(g) Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Dhillon;

(h) Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Dhillon;

(i) Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(j) Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically Defendant Dhillon for compliance with company policies and/or state and federal regulations;

(k) Allowing Defendant Dhillon to operate a commercial vehicle despite knowledge of his inability to do so safely;

(l) Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

(m) Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

(n) Failing to utilize available technology to monitor and audit the safety performance of its drivers including Defendant Dhillon.

73. Pursuant to 49 C.F.R. §390.5, as adopted statewide in Arkansas by Rule 17.1 "General Safety Requirements" of the Arkansas State Highway Commission pursuant to their authority via the Arkansas Constitution and the codified statutes of the State of Arkansas, Defendant Montana Carriers is a statutory employer of Defendant Dhillon at the time of this collision and resulting injuries sustained by Willis Paul Lee, Jr..

74. That the conduct of the Defendants is in violation of state and/or federal law, including, but not limited to, 49 C.F.R. § 383.110-123; 49 C.FR. § 390.11; 49 C.F.R. § 390.3; 49 C.F.R. § 392.1; 49 C.F.R. § 392.14; 49 C.F.R. § 392.2; 49 C.F.R. § 392.3; 49 C.F.R. § 392.14; 49 C.F.R. § 392.7; 49 C.F.R. § 396.11; 49 C.F.R. § 396.17; 49 C.F.R. § 396.3; A.C.A. § 27-51-104 § 27-51-201; § 27-51-204 and § 27-52-305.

75. Montana Carriers had a duty to have adequate policies and procedures in place to ensure that its employees, agents, and/or contractors it allowed to drive its vehicles and handle, transport, communicate concerning and document said loads were competent, safe, adequately trained, and qualified. See e.g., 49 C.F.R. §39.11; 49 C.F.R. 39.13; and 49 C.F.R. 392.1.

76. Defendant Montana Carriers negligence in hiring an unqualified and/or incompetent driver and/or leasing its tractor and/or trailer to an unqualified and/or incompetent driver, was the proximate cause of the injuries sustained by Willis Paul Lee, Jr. as set forth below that ultimately took his life.

**CAUSE OF ACTION NO. 3—VICARIOUS LIABILITY**

77. All of the allegations previously pleaded herein are re-alleged as though stated word-for-word.

78. Defendant Montana Carriers is responsible and/or vicariously liable for the negligence of Defendant Dhillon under the legal doctrines of joint enterprise, principles of agency, and/or *respondeat superior*.

79. Defendant Dhillon, at all times relevant to this matter and pled herein, was the statutory employee of Defendant Montana Carriers pursuant to 49 C.F.R. §390.5,

80. At all times relevant herein and to this case, Defendant Dhillon was an agent and/or employee of Defendant Montana Carriers.

81. At all times relevant to this case, Defendant Dhillon was acting within the course and scope of his employment with Defendant Montana Carriers. See definition of employee 49 C.F.R. §390.5

82. Upon the Plaintiffs' information and belief, Montana Carriers failed to have sufficient policies in place at the time of this collision giving rise to this action regarding driver training of employees and/or contractors and/or agents.

83. Defendant Montana Carriers failed to sufficiently train Defendant Dhillon on safe driving practices and/or techniques on how to handle the tractor and trailer before placing him in an employment position that required him to drive to complete his job tasks.

84. Defendant Montana Carriers failed in their duties and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, which resulted in the inadequate training of Defendant Dhillon who failed to exercise sound judgment and safely drive a commercial tractor-trailer or handle, transport, communicate concerning the delivery of materials.

85. Defendant Montana Carriers had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised those whose employment position required them to drive a vehicle on the roadways to safely complete their job tasks who handle and transport materials.

86. Upon information and belief, Defendant Montana Carriers did not have sufficient policies in place at the time of the incident giving rise to this action requiring the supervision of employees that would be required to handle and/or transport materials as part of their job.

87. Defendant Montana Carriers did not adequately supervise Defendant Dhillon to ensure he was using sound judgment and practicing safe driving techniques and habits while working for Montana Carriers to complete his job tasks, including the proper speed for the route and weather conditions at the time.

88. The negligence of Defendant Dhillon is imputed to Defendant Montana Carriers as a matter of law.

## CAUSE OF ACTION—SURVIVAL AND WRONGFUL DEATH

89. All of the allegations previously pled herein are re-alleged as though stated word for-word.

90. As Special Administratrix, Mikki Hastings is entitled to bring an action under the Arkansas Survival and Wrongful Death Statutes, Ark. Code Ann. Sec. §§ 16-62-101 and 16-62-102, for injuries to and the wrongful death of Willis Paul Lee, Jr..

91. As a direct and proximate cause of the Defendants' negligence, Willis Paul Lee, Jr. died on January 30, 2025 from the injuries and damages sustained from this collision.

92. As a direct and proximate result of Defendants' negligence, the heirs of Willis Paul Lee Jr. have incurred and will continue to incur non-economic damages, including among other things, loss of affection, aid, care, comfort, companionship, society, great mental anguish, agony and emotional distress, all to their damage, in a reasonable sum.

93. As a direct and proximate result of Defendants' negligence, the heirs of Willis Paul Lee, Jr. suffered and will continue to suffer economic damages, including loss of earnings, loss of income or support, loss of enjoyment of life, and other monetary loss.

94. As a direct and proximate result of Defendants' negligence, Willis Paul Lee, Jr. incurred medical bills, funeral expenses, loss-of-life damages, and damages for conscious pain and suffering, which are damages of his estate.

## VII. PROXIMATE CAUSATION

95. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

96. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Willis Paul Lee, Jr., including, but not limited to, the loss of his life.

## VIII. INJURIES AND COMPENSATORY DAMAGES

97. All of the allegations previously pled herein are re-alleged as through stated word-for-word.

98. As a direct and proximate result of Defendants' negligence, Willis Paul Lee, Jr. is entitled to the following:

(a) His pain and suffering until his passing;

(b) His scarring and disfigurement until his passing;

(c) His medical expenses;

(d) His property damage, including the loss of his truck and storage charges for said truck;

(e) His pain and suffering; and

(f) His loss of life.

99. Willis Paul Lee, Jr.'s estate is entitled to the following damages:

(a) The nature, extent, duration of his injuries that ultimately caused his death;

(b) The full extent of the injuries he sustained;

(c) The expense of his medical care, treatment and services received, including transportation, board and lodging expenses resulting in the ultimate cause of his death;

(d) Any pain, suffering and mental anguish experienced in the past resulting in his death;

(e) The visible results of his injuries;

(f) The loss of the use, value and enjoyment of Willis Paul Lee, Jr.'s Dodge Ram truck, including the associated charges for storage of said truck post collision; and

(g) Any and all funeral expenses in connection with the burial of Willis Paul Lee, Jr..; and

(h) Loss of life damages.

100. The heirs of Willis Paul Lee, Jr. are entitled to recover their statutory wrongful-death damages including grief and mental anguish associated with the death of a loved one.

101. The injuries and damages described herein have been suffered in the past resulting in his ultimate death.

101. As a result of the incident described above and herein and, as a result of the Defendants' negligence, Willis Paul Lee, Jr. lost his life, a life that he enjoyed with interactions of daily life with family and friends.

## IX. DEMAND FOR JURY TRIAL

102. Mikki Hastings, as Personal Representative of the Estate of Willlis Paul Lee, Jr., hereby demands a trial by jury.

## X. DEMAND & PRAYER

103. The Plaintiff, Mikki Hastings, as Personal Representative of the Estate of Willis Paul Lee, Jr., demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate his estate for his damages.

104. Plaintiff, Mikki Hastings, as Personal Representative of the Estate of Willis Paul Lee, Jr., demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses, costs, and for all other proper relief to which she may be entitled.

Respectfully submitted,
*Attorneys for Plaintiff*

*Bryce Brewer*
Bryce Brewer (Ark. Bar No. 2002013)
Rainwater, Holt & Sexton
PO Box 17250
Little Rock, Arkansas 72222
(501) 485-6159
bbrewer@rainfirm.com

## CERTIFICATE OF SERVICE

I, Bryce Brewer, do certify that a true and correct copy of the above and foregoing pleading has been served upon the following attorneys of record via electronic mail this 26th day of February, 2026:

Jeffrey W. Puryear
PURYEAR, MAYFIELD, & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

*Bryce Brewer*
Bryce Brewer

ELECTRONICALLY FILED
Clark County Circuit Court Probate Division
Tracy Rider, County Clerk
2025-Feb-20 14:38:48
10PR-25-24
C09ED01 : 4 Pages

**IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS**
**PROBATE DIVISION**

**IN THE MATTER OF THE ESTATE OF**
**WILLIS PAUL LEE, JR., DECEASED** **CASE NO. 10PR-25-24**

**ORDER GRANTING PETITION FOR APPOINTMENT OF SPECIAL ADMINISTRATRIX; FOR AUTHORITY TO CONTRACT WITH COUNSEL; AND FILE SUIT OR PURSUE SETTLEMENT ON BEHALF OF THE ESTATE**

On this ________ day of _______________ 2025, there is presented to the Court the Petition of Mikki Hastings for appointment as Special Administratrix of the Estate of Willis Paul Lee, Jr., deceased. Upon consideration of such Petition, and the facts and evidence in support thereof, the Court finds:

1. The Decedent, Willis Paul Lee, Jr., age 67, who on or about October 31, 2024 resided in Chidester, Arkansas, died on or about January 30, 2025 as the result of bodily injuries sustained in a motor vehicle collision in Clark County which occurred on October 31, 2024.

2. This Court has jurisdiction and venue is proper.

3. Mikki Hastings, surviving adult niece of the Decedent, is the proper person and fully qualified by law to serve as Special Administratrix of such estate and to administer the Estate of the deceased.

4. Mikki Hastings, as Special Administratrix of the Estate, shall have the authority to authorize settlement or file a claim for personal injuries and/or wrongful death on behalf of the Estate in a Court of competent jurisdiction and shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A., for the purpose of investigating the circumstances



EXHIBIT
A

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 22 of 35 PageID #: 116

surrounding the motor vehicle collision on or about October 31, 2024 and that said contract for litigation is approved. However, no settlement shall be negotiated without prior Court approval.

5. No bond shall be required of the Petitioner.

6. The employment contract between the Petitioner and Rainwater, Holt & Sexton, P.A., is customary in the industry and is hereby approved.

IT IS THEREFORE ORDERED that Administration of the Estate of Willis Paul Lee, Jr. be and hereby is opened for the purpose of pursuing a legal claim for personal injuries and/or wrongful death; that Mikki Hastings is named Special Administratrix of the Estate of the Decedent, to serve without bond; that Special Letters of Administration shall be issued to such person upon filing of her Acceptance of Appointment; that Mikki Hastings, as Special Administratrix, shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A., for the purpose of negotiating settlement or pursuing a legal action on behalf of the Estate and that said contract is approved, and after completion of the claim, shall be discharged as Special Administratrix of the estate without further proceedings. No settlement shall be fully negotiated without prior Court approval. The Special Administratrix shall be relieved of her duties upon Court Order relieving her.

IT IS SO ORDERED.

______________________________
HONORABLE CIRCUIT JUDGE

______________________________
DATE

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 23 of 35 PageID #: 117

PREPARED BY:

Bryce Brewer, AR Bar #2002013
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222
(501) 868-2500
(501) 868-2505
bbrewer@rainfirm.com

**Case Title:** PAUL LEE WILLIS JR

**Case Number:** 10PR-25-24

**Type:** ORDER APPT ADMINISTRATOR/IX

So Ordered

Judge Blake Batson, 9th E Circuit Division 1

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 25 of 35 PageID #: 119

ELECTRONICALLY FILED
Clark County Circuit Court Probate Division
Tracy Rider, County Clerk
2025-Feb-20 15:53:31
10PR-25-24
C09ED01 : 1 Page

**IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS**
**PROBATE DIVISION**

**IN THE MATTER OF THE ESTATE OF**
**WILLIS LEE, JR., DECEASED**

**CASE NO.** 10PR-25-24

**ACCEPTANCE OF APPOINTMENT OF SPECIAL ADMINISTRATRIX**

The undersigned, Mikki Hastings, having been appointed Special Administratrix of the Estate of Willis Lee, Jr., deceased, hereby accepts the appointment.

DATED this 20th day of February 2025.

[signature]
Mikki Hastings

EXHIBIT
B

ELECTRONICALLY FILED
Clark County Circuit Court Probate Division
Tracy Rider, County Clerk
2025-Feb-20 16:12:14
10PR-25-24
C09ED01 : 2 Pages

**IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS**
**PROBATE DIVISION**

**IN THE MATTER OF THE ESTATE OF**
**WILLIS PAUL LEE, JR., DECEASED** **CASE NO. 10PR-25-24**

## LETTER OF SPECIAL ADMINISTRATION

BE IT KNOWN:

That Mikki Hastings, having been appointed Special Administratrix of the Estate of Willis Paul Lee, Jr., deceased and having qualified as such Administratrix, is hereby authorized to take possession of and administer the property of Willis Paul Lee, Jr., deceased, as authorized by law.

Dated this ____ day of ____________ 2025.

______________________
Clerk of the Court
Clark County, Arkansas

(SEAL)

EXHIBIT
C

**Case Title:** PAUL LEE WILLIS JR

**Case Number:** 10PR-25-24

**Type:** LETTERS OF ADMINISTRATION

Emily McCants Deputy County Clerk Clark County

Emily McCants Deputy County Clerk Clark County

◉ USDOT Number ○ MC/MX Number ○ Name

Enter Value: 3108452

Search

## Company Snapshot

**MONTANA CARRIERS INC**
USDOT Number: 3108452

**ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating**

**Other Information for this Carrier**

- SMS Results
- Licensing & Insurance

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

USDOT Status

- **ACTIVE:** The entity's US DOT number is active.
- **INACTIVE:** Inactive per 49 CFR 390.19(b)(4); biennial update of MCS-150 data not completed.
- **OUT-OF-SERVICE:** Carrier is under any type of out-of-service order and is not authorized to operate.

Operating Authority Status

- **AUTHORIZED FOR { Passenger, Property, HHG }:** This will list the specific operating authorities the carrier (or broker) is allowed to operate.
- **NOT AUTHORIZED:** The entity does not have any operating authority and/or is not authorized to engage in interstate, for-hire operations.
  *Please Note: **NOT AUTHORIZED** does not apply to **Private** or **Intrastate** operations.
- **OUT-OF-SERVICE:** Carrier is under any type of out-of-service order and is not authorized to operate.

Out of Service Date
Indicates the date the company was ordered Out of Service. If there are multiple Out of Service orders, the earliest date will be displayed.

Please note:If there are multiple Out-of-Service orders, the earliest date will be displayed.

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to SAFER General Help.

**The information below reflects the content of the FMCSA management information systems as of 01/05/2025.**

To find out if this entity has a pending insurance cancellation, please click here.

**USDOT INFORMATION**

| | | | |
|---|---|---|---|
| Entity Type: | CARRIER | | |
| USDOT Status: | ACTIVE | Out of Service Date: | None |
| USDOT Number: | 3108452 | State Carrier ID Number: | |
| MCS-150 Form Date: | 07/17/2024 | MCS-150 Mileage (Year): | 1,553,760 (2023) |

**OPERATING AUTHORITY INFORMATION**

| | |
|---|---|
| Operating Authority Status: | AUTHORIZED FOR Property<br>For Licensing and Insurance details click here. |
| MC/MX/FF Number(s): | MC-81416 |

**COMPANY INFORMATION**

| | | | |
|---|---|---|---|
| Legal Name: | MONTANA CARRIERS INC | | |
| DBA Name: | | | |
| Physical Address: | 22 MCCAULEY DRIVE<br>BOLTON, ON L7E 0B6 | | |
| Phone: | (647) 477-1011 | | |
| Mailing Address: | 22 MCCAULEY DRIVE<br>BOLTON, ON L7E 0B6 | | |
| DUNS Number: | -- | | |
| Power Units: | 25 | Drivers: | 25 |

Operation Classification:

| | | |
|---|---|---|
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

Carrier Operation:

| | | |
|---|---|---|
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

Cargo Carried:

| | | |
|---|---|---|
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | X Intermodal Cont. | Commodities Dry Bulk |

EXHIBIT
D

| | | |
|---|---|---|
| x Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| x Logs, Poles, Beams, Lumber | Grain, Feed, Hay | x Utilities |
| x Building Materials | Coal/Coke | x Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| x Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | |

ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating

**US Inspection results for 24 months prior to: 01/05/2025**

Total Inspections: 3
Total IEP Inspections: 0
**Note:** Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Go to Inspections Help for further information.

| | | Inspections: | | |
|---|---|---|---|---|
| **Inspection Type** | **Vehicle** | **Driver** | **Hazmat** | **IEP** |
| **Inspections** | 2 | 3 | 0 | 0 |
| **Out of Service** | 0 | 0 | 0 | 0 |
| **Out of Service %** | 0% | 0% | % | 0% |
| **Nat'l Average %** as of DATE 11/29/2024* | 22.26% | 6.67% | 4.44% | N/A |

*OOS rates calculated based on the most recent 24 months of inspection data per the latest monthly SAFER Snapshot.

**Inspections**
*Number of roadside inspections conducted within the past two years. (Note: These inspections are distinct from the periodic inspections required under 49 CFR Part 396.17, and may not include inspection of all parts and accessories set forth in 49 CFR Part 396 Appendix A.)*
*The inspections listed on SAFER are conducted in accordance with the North American Standard Inspection Program which was created by the Commercial Vehicle Safety Alliance (CVSA) as the roadside inspection process for inspecting commercial motor vehicles and drivers throughout North America.*
*Inspections are listed as total, driver, vehicle, and Hazmat. Please see https://www.fmcsa.dot.gov/safety/question-1-can-violation-free-cvsa-level-i-or-level-v-inspection-be-used-satisfy-periodic for more details.*

**Crashes reported to FMCSA by states for 24 months prior to: 01/05/2025**

**Note:** Crashes listed represent a motor carrierâ€™s involvement in reportable crashes, without any determination as to responsibility.

| | | Crashes: | | |
|---|---|---|---|---|
| **Type** | **Fatal** | **Injury** | **Tow** | **Total** |
| **Crashes** | 0 | 1 | 0 | 1 |

ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating

**Canadian Inspection results for 24 months prior to: 01/05/2025**

Total Inspections: 0
**Note:** Total inspections may be less than the sum of vehicle and driver inspections. Go to Inspections Help for further information.

| | Inspections: | |
|---|---|---|
| **Inspection Type** | **Vehicle** | **Driver** |
| **Inspections** | 0 | 0 |
| **Out of Service** | 0 | 0 |
| **Out of Service %** | 0% | 0% |

**Crashes results for 24 months prior to: 01/05/2025**

**Note:** Crashes listed represent a motor carrierâ€™s involvement in reportable crashes, without any determination as to responsibility.

**Crashes**

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| **Crashes** | 0 | 0 | 0 | 0 |

---

**ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating**

*The Federal safety rating does not necessarily reflect the safety of the carrier when operating in intrastate commerce.*

**Carrier Safety Rating:**

**The rating below is current as of: 01/05/2025**

**Review Information:**

| | | | |
|---|---|---|---|
| **Rating Date:** | None | **Review Date:** | None |
| **Rating:** | None | **Type:** | None |

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 31 of 35 PageID #: 125


U.S. Department of Transportation
Federal Motor Carrier Safety Administration
# Licensing and Insurance Public

Menu Choose Menu Option GO

## Details

| | | | |
|---|---|---|---|
| **US DOT:** | 3108452 | **Docket Number:** | MC00081416 |
| **Legal Name:** | MONTANA CARRIERS INC | | |

| | |
|---|---|
| **Doing-Business-As Name:** | |

| Business Address | Business Telephone and Fax | Mail Address | Mail Telephone and Fax | Undeliverable Mail |
|---|---|---|---|---|
| 22 MCCAULEY DRIVE<br>BOLTON ON L7E 0B6<br>CA | (647) 477-1011 | | | NO |

| Authority Type | Authority Status | Application Pending |
|---|---|---|
| Common | ACTIVE | NO |
| Contract | NONE | NO |
| Broker | NONE | NO |

| Property | Passenger | Household Goods | Private | Enterprise |
|---|---|---|---|---|
| YES | NO | NO | NO | NO |

| Insurance Type | Insurance Required | Insurance on File |
|---|---|---|
| BIPD | $750,000 | $750,000 |
| Cargo | NO | NO |
| Bond | NO | NO |

**BOC-3:** YES
**Blanket Company:** ALL AMERICAN AGENTS OF PROCESS

Web Site Content and BOC-3 Information Clarification

Active/Pending Insurance | Rejected Insurance | Insurance History | Authority History | Pending Application | Revocation

January 6, 2025



EXHIBIT
E

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 32 of 35 PageID #: 126


U.S. Department of Transportation
Federal Motor Carrier Safety Administration
Licensing and Insurance Public

## Process Agents for: ALL AMERICAN AGENTS OF PROCESS

| State | Representative Name/ Company Name | Address |
|---|---|---|
| AK | JASON F DOXEY BURGLIN & DOXEY PC | 100 CUSHMAN STREET STE310 FAIRBANKS AK, 99701-4673 |
| AL | RON WALDROP | 443 W PEACHTREE AVE FOLEY AL, 36535 |
| AR | STEPHEN SMITH | 1206 GARRISON AVENUE FORT SMITH AR, 72901 |
| AZ | GARY DOYLE | 2929 NORTH 4TH STREET SUITE 120 PHOENIX AZ, 85018 |
| CA | DEREK O MYERS | 66 BOVET RD SUITE 280 SAN MATEO CA, 94402 |
| CO | CHARLES J. KIMBALL | 10628 WEST 31ST PLACE LAKEWOOD CO, 80215-7150 |
| CT | LELAND SPARKS/ STATEWIDE PROCESS SERVING | 43 BLISS STREET EAST HARTFORD CT, 06108 |
| DC | WILLIAM H SHAWN/ SHAWN COULSON LLP | 1320 19TH STREET NW SUITE 601 WASHINGTON DC, 20026 |
| DE | DEIDRA SMITH | 49 REPRESENTATIVE LN DOVER DE, 19904 |
| FL | SUE DOMPKE / NATIONAL TRUCK TAX & PERMITTING | 13634 GLEN HARWELL RD. DOVER FL, 33527 |
| GA | MISTY DAWN CAHOON / SOUTHERN OCCUPANCY INSPECTIONS | 63 1ST ST MIDWAY GA, 31320-6957 |
| HI | CHRISTOPHER J WILLIAMS/ MAUI PROCESS SERVICES LLC | 208 LUAKAHA CIRCLE KIHEI HI, 96753 |
| IA | JASON PALMER/ LAMSON DUGAN AND MURRAY, LLP | 6400 WESTOWN PKWY, STE 280 WEST DES MOINES IA, 50266-7763 |
| ID | DON HENDRIKSEN | 4240 BOTT LANE MERIDIAN ID, 83642 |
| IL | BRIAN P KELLER/ KENNEDY & ASSOCIATES PC | 205 WEST WACKER DR STE 500 CHICAGO IL, 60606 |
| IN | STEVEN D GROTH | 111 MONUMENT CIRCLE STE 2700 INDANAPOLIS IN, 46204 |
| KS | CHARLES BUSH | 4909 W 71ST STREET PRAIRIE VILLAGE KS, 66208 |
| KY | GARY W THOMPSON// RICHARDSON LAW GROUP PLLC | 771 CORPORATE DR SUITE 900 LEXINGTON KY, 40503 |
| LA | PATRICK H PATRICK/PATRICK MILLER LLC | 400 POYDRAS ST, SUITE 1680 NEW ORLEANS LA, 70130 |
| MA | PAUL SHANNON | 125 WASHINGTON ST FOXBORO MA, 02035 |
| MD | ADA PATTERSON | 2560 HARLEM AVENUE BALTIMORE MD, 21216 |
| ME | DANIEL M MCQUARRIER | 5 SLEEPY HOLLOW DRIVE HOLDEN ME, 04429 |
| MI | KEVIN N SUMMERS// DEAN & FULKERSON PC | 100 WEST BIG BEAVER SUTIE 650 TROY MI, 48084 |
| MN | JAMES HAMILTON/ RAVEN LEGAL SERVICES | 16941 GARCIA WAY WEST #1 ROSEMOUNT MN, 55068 |
| MO | JOSEPH E. REBMAN | 165 N MERAMEC AVE STE 310 ST. LOUIS MO, 63105 |
| MS | BEVERLY WARREN | 309 5TH AVE SW MAGEE MS, 39111 |
| MT | TAMRA HERRING// AAA PRORATE SERVICE LLC | 302 N 11TH ST BILLINGS MT, 59101 |
| NC | ANN LANE/ BACKGROUND INQUIRIES & SERVICES | 932 LOGAN CIR CARY NC, 27511-5146 |
| ND | TRUCK LICENSING & SERVICES INC | 4141 38TH ST SW STE B FARGO ND, 58104 |
| NE | CYNTHIA EPSTEIN | 11516 NICHOLAS STREET STE 202 OMAHA NE, 68154 |
| NH | JAMES KAKLAMANOS | 374 MAIN STREET NASHUA NH, 03060 |
| NJ | KENNETH A OLSEN// KENNETH A OLSEN ATTORNEY AT LAW | 33 PHILHOWER ROAD LEBANON NJ, 08833-4537 |

| | | |
|---|---|---|
| NM | KRISTINA RODRIGUEZ/ SERVED TO PERFECTION LLC | 4720 SAND POINT RD<br>ALBUQUERQUE NM, 87114 |
| NV | JOHN A WHITE JR ESQ/ WHITE LAW CHARTERED | 335 W FIRST STREET<br>RENO NV, 89503 |
| NY | GEORGE CARL PEZOLD// PEZOLD SMITH HIRSHMANN&SELVAGGIO LLC | 120 MAIN STREET<br>HUNTINGTON NY, 11743-6936 |
| OH | RVB SERVICES LLC | 18 E WILLIAM STREET SUITE 17<br>DELAWARE OH, 43015 |
| OK | THOMAS F DI'MERCURIO | 27619 E 109TH ST S<br>COWETA OK, 74429 |
| OR | GEORGENE HULBERT | 12144 EHLEN RD NE<br>AURORA OR, 97002 |
| PA | JOHN PILLAR | 150 GREEN COMMONS DR<br>PITTSBURGH PA, 15243 |
| RI | DENISE MYERS | 125 MIDWAY ROAD #204<br>CRANSTON RI, 02920 |
| SC | ROBERT D. MOSELEY, JR. | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC, 29687-2243 |
| SD | ALLAMERICAN AGENTS OF PROCESS | 945 S MARION RD STE 203<br>SIOUX FALLS SD, 57106 |
| TN | VIVAN G MITCHELL | 4100 WESTGATE DRIVE<br>KNOXVILLE TN, 37921 |
| TX | JEFFREY FULTZ | 4400 POST OAK PARKWAY SUITE 1000<br>HOUSTON TX, 77027 |
| UT | MARIA CARUSO/ BRINGHURST PROCESS SERVICE | 60 E CLAYBOURNE AVE<br>SALT LAKE CITY UT, 84115 |
| VA | ROBERT WALKER// LAW OFFICE OF ROBERT B WALKER | 709 OLD HUNT WAY<br>HERNDON VA, 20170 |
| VT | MARK SCHWARTZ// NORTHERN WATCH USA | 102 CRAIG LANE<br>JEFFERSONVILLE VT, 05464 |
| WA | PAUL TURPEN/ GARYS PROCESS SERVICE | 108 WELLS AVE S<br>RENTON WA, 98057 |
| WI | WI PROCESS | 1975 S 86TH ST<br>WEST ALLIS WI, 53227 |
| WV | DONALD ZIEGLER/ ZODIAC LEGAL PROCESS | 2232 JEFFERSON STREET<br>BLUEFIELD WV, 24701 |
| WY | JULIE GLIEM/ DAY AND NIGHT PROCESS SERVING | 1805 WARREN AVE<br>CHEYENNE WY, 82001 |

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 34 of 35 PageID #: 128

**IN THE CIRCUIT COURT OF THE CLARK COUNTY, ARKANSAS**
**______ DIVISION**

**MIKKI HASTINGS as Personal Representative and SPECIAL ADMINISTRATRIX Of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased** **PLAINTIFFS**

**v.** **CASE NO.: ____________________**

**MONTANA CARRIERS, INC.; JAGDEEP DHILLON; JOHN DOES 1-3 and JOHN DOE ENTITIES 1-3** **DEFENDANTS**

**AFFIDAVIT**

Comes now Bryce Brewer, and states, upon oath, the following:

1. I represent Plaintiff, Mikki Hastings as Personal Representative and Special Administratrix of the Estate of Willis Paul Lee, Jr., deceased, in the above matter.

2. Plaintiff, Mikki Hastings as Personal Representative and Special Administratrix of the Estate of Willis Paul Lee, Jr., deceased, is seeking a judgment against unknown tortfeasors.

3. The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe 1-3 and John Doe Entities 1-3, and will be named as such in the Plaintiff's Complaint.

4. Upon determining the identities of John Doe 1-3 and John Doe Entities 1-3, the Complaint will be amended by substituting the real name for the pseudo-name.

5. This affidavit is made pursuant to A.C.A. § 16-56-125.



EXHIBIT F

Case 6:25-cv-06053-SOH Document 3 Filed 05/21/25 Page 35 of 35 PageID #: 129

Bryce Brewer

3/17/25

Date

SWORN AND SUBSCRIBED before me on the 17th day of March, 2025.

Nayelley Vazquez Reyes

Notary Public

My commission expires:

07-25-2029

NAYELLEY VAZQUEZ REYES
GRANT COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires July 28, 2029
Commission No. 12708487