**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS as Personal Representative and SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased,** **PLAINTIFFS**

**v.** **Case No.: 6:25-cv-06053**

**MONTANA CARRIERS, INC.; JAGDEEP DHILLON; JOHN DOES 1-3 and JOHN DOE ENTITIES 1-3** **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT, TANYA RUTHERFORD OWEN, PH.D.**

Defendants, Montana Carriers, Inc. and Jagdeep Dhillon, move this Court to exclude Plaintiff's newly identified expert, Tanya Rutherford Owen, Ph.D., barring her from rendering opinions in this case. Plaintiff named Dr. Owen in an attempt to recover new and additional damages. The disclosure of Dr. Owen is untimely and she is not a rebuttal expert.

Consistent with this Court's Scheduling Order, Plaintiff timely identified five (5) experts to render opinions on accident reconstruction, causation of death, loss of life damages and life expectancy, trucking standards of care and property damage evaluation. Of particular importance, Plaintiff disclosed her economic expert, Ralph D. Scott, Ph.D., who submitted a report with his opinion as to loss of life damages, inclusive of a statistical life expectancy of fifteen (15) more years for the decedent, Willis Paul Lee, Jr. (Exhibit B) No life care plan was provided.

In her Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1), Plaintiff set forth that she was pursuing compensatory damages, including medical expenses incurred by Mr. Lee and a loss of life award. (Exhibit C)

On February 24, 2026, Plaintiff produced a report from a new expert witness, Tanya Rutherford Owen, Ph.D. of Owen Vocational Services, Inc. in order to submit a life care plan for Mr. Lee and attempt to recover new damages in the lawsuit. (Exhibit A) Prior to the disclosure of Dr. Owen's report, Plaintiff had never mentioned a life care plan expert or the intent to claim damages for a life care plan. The Court should exclude Dr. Owen as an expert for multiple reasons.

First, the disclosure is untimely. Dr. Owen is a new expert identified well beyond the Court's disclosure deadline of 90 days prior to the close of discovery on April 27, 2026. Plaintiff is now attempting to recover damages that have not been asserted at any point in the lawsuit. Indeed, Plaintiff did not list a life care plan in her initial disclosures, (Exhibit C), nor has she pled these damages in the amended complaint. Federal Rule of Civil Procedure 26(a)(2)(D) is clear that the disclosure of expert witnesses is governed by the Court's orders. When a party such as Plaintiff fails to timely disclose an expert, she is not allowed to use that witness or information at trial, as stated in Rule 37(c)(1).

Second, Plaintiff cannot justify the disclosure of Dr. Owen as a rebuttal expert because Defendants did not disclose an expert who is a rehab counselor or who proposed a life care plan for the decedent. There is no life care plan or expert opinion offered by Defendants for which a rehab counsel could respond. One of Defendants' medical experts, Dr. Mark Landrum, an infectious disease physician, opined as to the reduced life expectancy for Mr. Lee, given that Plaintiffs sued for wrongful death and claimed that Defendants were the proximate cause of his demise. Dr. Landrum's opinions as to a reduced life expectancy were based upon Mr. Lee's health conditions prior to the motor vehicle accident. Moreover, on July 8, 2025, more than six (6) months prior to the Court's disclosure deadline for experts, Plaintiff secured the report of her economist, Dr. Scott, to give opinions on loss of life damages and the statistical life expectancy of

the decedent. Mr. Lee's life expectancy was not a new issue raised by Dr. Landrum. Finally, Dr. Owen's report has no bearing upon the medical issues related to cause of death.

Finally, the pursuit of damages associated with a life care plan for a decedent lacks any basis or rationale. A life care plan is constructed to forecast expenses a person will incur during their lifetime; and there are no living expenses for a decedent. In a wrongful death claim, which is statutory, there is no recovery for a life care plan. *See* Ark. Code Ann. §§ 16-62-101(b) and -102. Arkansas Model Jury Instruction 2216 sets forth the specific elements of damage for recovery and makes no provision for a life care plan for one who is deceased. The life care plan in Dr. Owen's report has no relevance to Plaintiff's wrongful death claim.

For these reasons, Defendants respectfully move this Court to exclude Tanya Rutherford Owen, Ph.D., as an expert for Plaintiff and hold that she is not permitted to render any opinions in this litigation.

Respectfully submitted,

Jeffrey W. Puryear (93109)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

By:/s/ Jeffrey W. Puryear
*Attorneys for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear