**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTING AS PERSONAL REPRESENTATIVE AND SPECIAL ADMINISTRATRIX OF THE ESTATE OF WILLIS PAUL LEE, JR., DECEASED, AND ON BEHALF OF THE INDIVIDUAL SURVIVAL HEIRS AND WRONGFUL-DEATH BENEFICIARIES OF WILLIS PAUL LEE, JR., DECEASED** — **PLAINTIFFS**

**v.** — **No. 6:25-CV-06053**

**MONTANA CARRIERS, INC.; JAGDEEP DHILLON; JOHN DOES 1-3 AND JOHN DOE ENTITIES 1-3** — **DEFENDANTS**

## REPSONSE TO MOTION TO EXCLUDE TANYA RUTHERFORD OWEN

Plaintiff offers this response to Defendants' motion to exclude the testimony and life-care expense evidence offered by Tanya Rutherford Owen. The motion should be denied.

## INTRODUCTION

Dhillon, driving Montana Carrier's truck on an Arkansas freeway in the course and scope of his employment, ran Willis Paul Lee's small pickup truck off the road and into a tree. Lee suffered a T12 spinal fracture, among other things, and was paralyzed below the waist. He could not walk. Eventually, the injuries suffered in the wreck were too great for him to overcome, and his system shut down. Willis Paul Lee died. This lawsuit was filed to recover for his harms and losses and the harms and losses suffered by his survivors due to his death.

Not so fast, say defendants. They offer an expert, Dr. B. Mark Landrum, who they want to testify that Lee would have lived only about three to five years anyway due to his underlying health conditions. Ex. 1, report of Dr. Mark Landrum, attached. But Dr. Landrum paints only part of the picture. He leaves out that Lee would spend that three to five years bedfast or wheelchair bound,

unable to care for himself, in need of rehabilitation and other care because of the broken back and paraplegia besting him as a result of Defendants' negligence. Dr. Owen's report and testimony fill that gap. They are classic rebuttal evidence offered to complete the picture Defendants' evidence opened the door to painting.

**ARGUMENT**

Rebuttal evidence is evidence offered in response to evidence offered by the other side. *Kincannon v. State*, 85 Ark. App. 297, 304152 S.W.3d 8, 12 (2004). It is offered in reply to new matters raised by the opposing party. *Ibid.* The Eighth Circuit tells us, "Rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

Dr. Owen's testimony is a direct response to Dr. Landrum's opinion as to Lee's life expectancy. Without it, the jury will be left with only part of the story. It will never learn that Lee was facing a life of expensive rehabilitation, unable to walk and care for himself. Dr. Landrum's view is merely that Lee was going to die in three to five years anyway, so there is no great loss here. Dr. Owen finishes the story by detailing what that three to five years would have been like because of Defendants' negligence.

Defendants cannot have it both ways. They cannot tell the jury that Lee's health was such that he had a short lifespan, then deprive the jury of knowing what that lifespan would be like. If Dr. Landrum testifies to what his report says, Dr. Owen should be allowed to rebut the testimony.

**CONCLUSION**

Dr. Owen offers textbook rebuttal evidence not out of time with the scheduling order. It is necessary because of Dr. Landrum's testimony. The motion should be denied.

Respectfully submitted,

*/s/ "Bryce Brewer"*

Bryce Brewer ABN 2002013
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: bbrewer@rainfirm.com

## CERTIFICATE OF SERVICE

I, Bryce Brewer, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the following attorneys of record via electronic mail this 19th day of March 2026.

Jeffrey W. Puryear
PURYEAR, MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

*/s/ Bryce Brewer*
Bryce Brewer