**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS as Personal Representative And SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased,** **PLAINTIFF**

**V.** **CASE NO.: 6:25-CV-06053-SOH**

**MONTANA CARRIERS, INC. et al.** **DEFENDANTS**

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendants, Montana Carriers, Inc. and Jagdeep Dhillon (collectively "Defendants"), by and through their attorneys, Puryear Mayfield & McNeil, P.A. and Wilson Elser Moskowitz Edelman & Dicker LLP, and submit this Statement of Undisputed Material Facts in Support of their Motion for Partial Summary Judgment:

**STATEMENT OF FACTS**

1. Plaintiff Mikki Hastings ("Ms. Hastings") is the niece of Willis Paul Lee, Jr. ("Mr. Lee"). ***See*** **D.E. 21, ¶ 9.**

2. On or around October 31, 2024, Mr. Lee was driving his 1996 Dodge Ram eastbound on Interstate 30 near Arkadelphia, Arkansas. ***See*** **D.E. 21, ¶ 4.**

3. On or around October 31, 2024, at approximately 8:45 a.m., Defendant Dhillon was driving a 2025 Freightliner pulling a trailer traveling eastbound on Interstate 30 in the right lane. ***See*** **D.E. 21, ¶ 42.**

4. Mr. Lee was traveling in the right lane of eastbound Interstate 30 at the same time, in front of Defendant Dhillon. ***See*** **D.E. 21, ¶ 45.**

5. At the same time, there was intermittent rain. ***See*** **D.E. 21, ¶ 46.**

6. Mr. Lee then slowed his vehicle. ***See*** **D.E. 21, ¶ 47.**

7. Defendant Dhillon struck the rear of Mr. Lee's Dodge Ram (the "collision"). ***See*** **D.E. 21, ¶ 49.**

8. The collision injured Mr. Lee. ***See*** **D.E. 21, ¶ 55.**

9. Mr. Lee died on January 30, 2025. ***See*** **Ex. F, 43:6-7.**

10. Deputy Steven Holt, of the Clark County Sheriff's Department, responded to the collision. ***See*** **Ex. C, 14:14-16.**

11. Deputy Holt called for a tow truck for Mr. Lee's vehicle. ***See*** **Ex. C, 38:14-17.**

12. Deputy Holt's crash report identifies Automobill's as the wrecker, lists the tow destination as 211 High School Road in Arkadelphia, and characterizes the pickup as "towed due to disabling damage." ***See*** **Ex. B, 3.**

13. The damage estimate on Deputy Holt's crash report is $5,000. ***See*** **Ex. B, 3.**

14. Mr. Lee's Dodge Ram was towed from the scene to Automobill's. ***See*** **Ex. F, 42:19-21.**

15. Automobill's is owned by Bill Rogers. ***See*** **Ex. F, 42:17-23.**

16. Mr. Lee's Dodge Ram was impounded at Automobill's following the collision. ***See*** **Ex. F, 42:17-18.**

17. Plaintiff did not retrieve Mr. Lee's vehicle from Automobill's after learning that the truck was there. ***See*** **Ex. F, 46:16-48:2.**

18. Mr. Lee lived in Chidester, Arkansas at the time of the collision. ***See*** **D.E. 21, ¶ 1.**

19. At the time of the collision, Defendant Dhillon was an employee of Defendant Montana Carriers, Inc. ***See*** **D.E. 24, ¶ 14.**

20. At the time of the collision, Defendant Dhillon was acting as an employee of Defendant Montana Carriers, Inc. ***See*** **D.E. 24, ¶ 81.** Defendant Montana Carriers, Inc. has admitted that it is vicariously liable for any negligence of Defendant Jagdeep Dhillon while in the course and scope of his employment. ***See*** **D.E. 24, ¶ 78.**

21. Defendant Montana Carriers Inc. leased the tractor/trailer unit operated by Defendant Dhillon at the time of the collision on October 31, 2024. ***See*** **D.E. 24, ¶ 37.**

22. Plaintiff did not learn of the collision until January 29, 2025. ***See*** **Ex. F, 43:4-9.**

23. Bill Rogers was a friend of Plaintiff. ***See*** **Ex. F, 46:23-24.**

24. Bill Rogers did not know that Mr. Lee was family to Plaintiff. ***See*** **Ex. F, 47:6-8.**

25. Mr. Lee helped out Plaintiff when she was a teenager living on her own. ***See*** **Ex. F, 102:2-4.**

26. Mr. Lee did not provide any other support to Plaintiff. ***See*** **Ex. F, 102:2-4.**

27. Mr. Lee got married to his ex-wife, Stephanie, and lived some time in Florida, Arizona, and Memphis. Plaintiff did not know when they married. ***See*** **Ex. F, 55:2-6.**

28. Plaintiff did not attend Mr. Lee's wedding to his ex-wife Stephanie. ***See*** **Ex. F, 57:17-18.**

29. Plaintiff visited Mr. Lee when he was living in Memphis. ***See*** **Ex. F, 69:4-6.**

30. Plaintiff did not visit Mr. Lee when he lived in Florida or Arizona. ***See*** **Ex. F, 69:4-6.**

31. Mr. Lee and his ex-wife separated before Mr. Lee moved back to Arkansas. ***See*** **Ex. F, 55:11-12.**

32. Plaintiff does not know for sure when Mr. Lee moved back to Arkansas. ***See*** **Ex. F, 56:1-3.**

33. After moving back to Arkansas, Mr. Lee would visit Plaintiff once or twice a month. ***See* Ex. F, 66:3-6.**

34. In addition to regular visits, Plaintiff and her husband, Adam Hastings, would text with and call Mr. Lee. ***See* Ex. G, 33:16-19.**

35. The last time that Plaintiff saw Mr. Lee was in June 2024, before Plaintiff left for Alaska. ***See* Ex. G, 34:10-12.**

36. Plaintiff and Mr. Lee had a family squabble the last time they saw one another and the two did not speak after that. ***See* Ex. G, 34:10-12.**

37. Plaintiff did not interact with Mr. Lee when she returned to Arkansas in September 2024 for the birth of her grandchild. **Ex. F, 20:16-21; Ex. G, 34:10-12.**

38. Plaintiff did not have any interactions with Mr. Lee over Christmas in 2024. Mr. Lee was hospitalized at that time. ***See* Ex. G, 36:14-23.**

39. Mr. Lee attended First Assembly of God Church in Gurdon, Arkansas. After Mr. Lee passed away, the preacher from Mr. Lee's church informed Plaintiff that the church wanted to have a service for Mr. Lee. ***See* Ex. F, 98:18-24.**

40. Plaintiff learned from Mr. Lee's preacher that Mr. Lee was a regular churchgoer. ***See* Ex. F, 99:17-19.**

41. Dr. Anthony Lamkin, a wound-care expert for Defendants, testified that Mr. Lee had a chronic, infected wound on his right lower extremity dating to 2017, eight years before the collision, that had caused sepsis and bacteremia on multiple occasions and had put his life at risk repeatedly before the collision. ***See* Ex. E, 21:13-24; 22:13-21.**

42. Plaintiff's expert, Dr. Tanya Rutherford Owen, provided a life care report for Mr. Lee. ***See* Ex. A.**

43. Dr. Owen's life care plan projects $687,262 in first-year costs and $91,042 each year thereafter across five (5) year period. ***See* Ex. A, 2.**

44. Dr. Thomas Ireland, an economist retained by Defendants, testified that an economist's standard role is to put a present value on a life care plan. ***See* Ex. D, 44:1-12.**

45. Dr. Owen's report relied on aggregate population statistics maintained by the National Spinal Cord Injury Statistical Center. ***See* Ex. A, 1-2.**

46. Dr. Owen's projections were applied to patients with paraplegia, at a generic injury level, and without individualized assessment regarding Mr. Lee's pre-existing cardiac disease, cardiac arrest, diabetes, chronic right-lower-extremity infection, acute kidney injury or any of his other comorbidities. ***See* Ex. A, 2.**

47. Plaintiff disclosed Dr. Owen's report on February 24, 2026, after the Scheduling Order's expert-disclosure deadline had run. ***See* Ex. A; D.E. 9, at 1-2.**

WHEREFORE, Defendants, Montana Carriers, Inc., and Jagdeep Dhillon, respectfully submit these statements of fact as material and undisputed.

Respectfully submitted,

Brian Del Gatto (admitted *pro hac vice*)
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
(914) 584-9187
Brian.DelGatto@wilsonelser.com

and

Jeffrey W. Puryear (93109)
Mark Mayfield (93180)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, Arkansas 72401
(870) 932-0900
jpuryear@pmmlawfirm.com
mmayfield@pmmlawfirm.com

By: /s/ Jeffrey W. Puryear
*Attorneys for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear