**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS as Personal Representative And SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased,** **PLAINTIFF**

**V.** **CASE NO.: 6:25-CV-06053-SOH**

**MONTANA CARRIERS, INC. et al.** **DEFENDANTS**

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff's response brief exceeds the Court's 25-page limit, (D.E. 9, at 2); therefore, Defendants request the Court to enter an order requiring Plaintiff to file a brief in compliance with the Final Scheduling Order.

**1. *Elrod* precludes all direct negligence claims against Montana Carriers.**

Montana Carriers has conceded vicarious liability, so Plaintiff can only proceed on one theory of recovery. *Elrod v. G&R Constr. Co.*, 275 Ark. 151, 154, 628 S.W.2d 17, 19 (1982). She cannot sue Montana Carriers for negligent hiring, retention, entrustment, training and supervision. *Gavin v. Acaley*, 2019 WL 5866074, at *2 (W.D. Ark. Nov. 8, 2019); *Perry v. Stevens Transp., Inc.*, 2012 WL 2805026, at *6 (E.D. Ark. July 9, 2012) (dismissing claims of negligent hiring, training, supervision or monitoring, and retention under *Elrod*). Plaintiff refers to paragraphs 71(a) & (b) and 72 of the Amended Complaint, (D.E. 33, at 21); but, there she alleges that Montana Carriers was negligent in training, monitoring, entrusting and supervising Mr. Dhillon, (D.E. 21, at 13-15). Those claims fall under *Elrod*.

Plaintiff argues that Montana Carriers had inadequate policies and procedures in an attempt to side-step *Elrod* based on an exception stated in *Regions Bank v. White*, 2009 WL 3148732, at

*5 (E.D. Ark. Sept. 24, 2009). This Court and the Eastern District of Arkansas have cited *Regions* in other opinions as an exception to *Elrod* based on claims of inadequate policies and procedures. *Elrod* did not establish such an exception, and it does not appear that an Arkansas state appellate court has done so. Thus, the substantive law of Arkansas in *Elrod* applies to bar a separate claim against Montana Carriers based upon inadequate policies and procedures.

In contrast, Judge Holly Meyer, Circuit Court of Independence County, expressly rejected the policies and procedures exception in *Razo v. Adams*, Case No. 32CV-20-128 (Jan. 26, 2021) (unpublished state court decision). Judge Meyer's reasoning is sound: "claimants will always be able to circumvent the proscription against direct claims under the *Elrod* rule via the policies and procedures exception. As long as the policies and procedures exception is available, a claimant will be able to assert a defendant principal failed to have adequate policies and procedures to cover the situation at issue in the underlying tort. ... This exception swallows the *Elrod* rule and renders its prohibition against direct negligence claims useless." (Exhibit H, at 5)

Plaintiff's allegations of inadequate policies or procedures exemplify the very concerns expressed by Judge Meyer. Given that *Elrod's* application disposes of independent negligence claims against Montana, Plaintiff recasts allegations of negligent operation of the vehicle by Mr. Dhillon under the guise of inadequate policy or procedure. In paragraph 70(a) of the Amended Complaint, she points to "driving" and "proper method of lookout." (D.E. 21, at 13) In paragraphs 70(b)-(d), Plaintiff alleges negligence in training in multiple ways – which fail – but throws in failure to "set policy" as to "driving in traffic," "proper speed and distance," and "safe driving practices." *Id.* This merely restates the conduct alleged against Mr. Dhillon in his operation of the tractor-trailer that Montana has conceded. As Judge Meyer noted, Plaintiff attempts to circumvent the bar of direct negligence claims against Montana Carriers and swallow the rule in *Elrod*.

The notion of a policy and procedure exception is also inconsistent with Arkansas law. "Generally, internal policies should not create a legal duty where none exists." *Bedell v. Williams*, 2012 Ark. 75, 8, 386 S.W.3d 493, 500. "A company's practice or policies do not translate into a duty at law." *Weisker v. Harvest Mgmt. Sub LLC*, 2016 Ark. App. 220, 3, 489 S.W.3d 696, 698. Thus, they should not be the basis of an allegation of fault.

In a diversity jurisdiction case, the federal court applies the substantive tort law of the state in which it sits. *Poindexter v. Armstrong*, 934 F. Supp. 1052, 1054 (W.D. Ark. 1994) (citation omitted). Moreover, "[t]he proper function of a federal court sitting in diversity is to ascertain what the state law is, not what it ought to be." *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 625 (8th Cir. 2003) (quotations omitted). *Elrod* should be applied here to limit Plaintiff to one theory of recovery, without exception. In so doing, all of Plaintiff's direct causes of action against Montana Carriers should be dismissed with prejudice.

Plaintiff argues that *Elrod* has been legislatively abrogated; however, this question of state law should be resolved by the state courts, not a federal court sitting in diversity. *In re Vhso FTCA Litigation*, 2022 WL 1750628, at *4 (W.D. Ark. May 31, 2022) (citation omitted).

**2. "Something More" is missing for the claim of *in loco parentis* status.**

Defendants concede that a decedent can be found to be *in loco parentis* with an adult child.

Plaintiff's response ignores the fact that a supportive uncle is not one who put himself in the position of a parent – a showing of something more is needed. Plaintiff cites case law that strays far from the facts at hand, relying on close relationships of step-parents who raised children from infancy or birth. Mr. Lee's and Plaintiff's relationship is instead most analogous to the relationship in *Zulpo v. Blann*, 2013 Ark. App. 750, at *4, that Defendants discussed in their brief.

Zulpo participated in activities with his decedent stepfather, who was like a father to him. *Id.* at *3. Even so, their relationship did not amount to that of parent and child. *Id.* at *4.

Plaintiff's response includes an affidavit that she signed months after her deposition and which addresses her relationship with Mr. Lee.[1] Those additional statements, however, do not establish that Mr. Lee stood *in loco parentis* to Plaintiff. Per the court in *Williams v. Davis*, 2021 Ark. App. 199, *8, 625 S.W.3d 243, 247-48, something more than caretaking must be shown. Plaintiff's affidavit and testimony do not provide examples of Mr. Lee nurturing, disciplining or teaching her, and reference only one instance when he guided her – the decision to remove her father from life support. Plaintiff and Mr. Lee had a sometimes-warm relationship, but not one akin to father-daughter. Mr. Lee did not stand *in loco parentis* to Plaintiff.

The affidavit includes several hearsay statements of Mr. Lee, but that evidence is not considered for summary judgment purposes. Fed. R. Civ. Pro. 56(c)(2) and (4). Statements as to what Mr. Lee knew or believed are speculative and likewise should not be considered.

There is no genuine issue of material fact to be resolved.

**3. Dr. Owen's Late Disclosure**

**a. Plaintiff's Fatal Admissions**

The burden was on Plaintiff, but she failed to meet it.

Defendants showed that the survival statute confines an estate's recovery to a closed list that does not include projected care for a decedent, *Estate of Shockley v. Bassett*, 2021 Ark. App. 326, 3-4, 634 S.W.3d 787, 790, and that Arkansas requires physician testimony, to a reasonable degree of medical certainty, before future medical expenses reach a jury – a predicate no life-care planner can supply. *Wal-Mart Stores, Inc. v. Londagin*, 344 Ark. 26, 37–38, 37 S.W.3d 620, 627–

[1] Defendants are filing their Motion to Strike Plaintiff's Exhibit A, but this Reply responds to Plaintiff's arguments as if the affidavit remains part of the record.

28 (2001); *West Union v. Vostatek*, 302 Ark. 219, 222–23, 788 S.W.2d 952, 953–54 (1990). Plaintiff addressed neither issue in her response.

Plaintiff's response also says nothing about the missed expert disclosure deadline. Federal Rule of Civil Procedure 37(c)(1) bars a party who fails to make a timely disclosure from using that witness "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The rule is presumptively mandatory, and the party who disclosed late bears the burden of showing justification or harmlessness. Fed. R. Civ. P. 37(c)(1); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Plaintiff has not attempted to show justification or harmlessness.

**b. A Rebuttal to Nothing**

Plaintiff improperly leans on one case. She quotes a line that rebuttal evidence "may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). She reads that line as a license. It is a leash. *Marmo* did not bless a late life-care plan dressed as rebuttal; it affirmed the exclusion of an expert the plaintiff had disclosed as a rebuttal witness and unsuccessfully sought to re-designate for her case-in-chief. *Id*. The Eighth Circuit upheld the bar. The case Plaintiff cites supports defendants' position.

The standard is clear: "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo*, 457 F.3d at 759 (quoting *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005)). Its "principal objective" is "to permit a litigant to counter new, unforeseen facts brought out in the other side's case." *Id.* (quoting *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999)). It "is not to be used as a continuation of the case-in-chief," *id.* (quoting *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991)), and a court should

admit it "only if it is necessary to refute the opponent's case." *Id.* (citing 6 Wigmore, Evidence in Trials at Common Law § 1873 (1976)).

The life care plan is not rebuttal in any event: Defendants disclosed no rehabilitation counselor or life-care planner; there is nothing for Dr. Owen to rebut. Instead, Plaintiff disclosed her economist months before Dr. Landrum's life-expectancy opinion was disclosed by Defendants. And Plaintiff nowhere shows the plan necessary to refute anything Dr. Landrum said. His opinions were not unforeseen. Moreover, Dr. Landrum spoke to life expectancy, not the cost of future care. He opined that Mr. Lee had three to five years to live with his ongoing health conditions that pre-existed the automobile collision, not his resulting injuries. Dr. Owen's plan, however, costs out care over time based on his injuries, drawn from aggregate spinal-cord-injury statistics for a generic patient. A plan that bills future care for a decedent in response to a reduced life expectancy does not finish the story. It changes it completely.

If the plan is in fact rebuttal, it is not proof of damages, and Plaintiff cannot ask the jury for related damages. If it is a damages exhibit, it is late, unsupported, and barred by the survival statute. She wants it to be both but it can be neither. The expert and her report must be stricken.

**4. Self-Inflicted Storage Fees**

**a. The Meter Plaintiff Let Run**

Plaintiff's response never mentions notice, her choice, or her duty to mitigate. Defendants showed that Mikki Hastings knew the pickup sat at Automobill's by late January 2025 and chose to leave it there while the meter ran for more than a year. Worse, the truck sat in the custody of Plaintiff's own valuation expert, who held it after the tow and billed storage at $50 a day (now some $25,595.90). The party that wants the fee controlled the truck that ran it up. That is not a loss

Defendants inflicted. It is a charge Plaintiff let grow. The duty to mitigate damages was hers. The truck was hers to take but she left it there. She is responsible for the bill.

**b. The Statute does not mention "storage fees."**

The pertinent statute, Ark. Code Ann. § 27-53-401, lists diminution in value and loss of use. It does not list towing or storage. Plaintiff concedes as much – she admits these fees are "not part of the 'damages to motor vehicles' that the statute covers," (D.E. 33, at 28) – then asks this Court to award them anyway. Ark. Code Ann. § 27-53-401 confines recovery to a "reasonable amount." A year of self-inflicted storage is not reasonable by any measure the law allows. The statute says what it says. Plaintiff is owed what it allows, and no more.

She offers an analogy: the statute says nothing of bodily injury either, yet "his broken back and paraplegia are 'related' to the damage to the truck." Injuries from the accident and a storage bill are both "related" to the wreck; but one is an injury the law pays for, while the other is an expense this statute does not. Relation is not recovery.

Nor do *Sharp* and *Bell* help her. The law pays for loss of use. It does not pay to store a truck she walked away from. *Sharp v. Great Southern Coaches*, *Inc.*, 256 Ark. 773, 775, 510 S.W.2d 266, 267 (1974), measures the loss of use over a reasonable repair or replacement period – the rental value of a vehicle the owner cannot use, not the storage of one she abandoned. *Bell v. Estate of Bell*, 318 Ark. 483, 490, 885 S.W.2d 877, 880 (1994), does not support the legal proposition that Plaintiff asserted, and thus should be disregarded.

Defendants respectfully move this Court to grant their motion for partial summary judgment in its entirety.

Respectfully submitted,

Brian Del Gatto (admitted *pro hac vice*)
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
(914) 584-9187
Brian.DelGatto@wilsonelser.com

and

Jeffrey W. Puryear (93109)
Mark Mayfield (93180)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, Arkansas 72401
(870) 932-0900
jpuryear@pmmlawfirm.com
mmayfield@pmmlawfirm.com

By: /s/ Jeffrey W. Puryear
*Attorneys for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear