ELECTRONICALLY FILED
Independence County Circuit Court
Greg Wallis, Circuit Clerk
2021-Jan-26 13:50:19
32CV-20-128
C16D01 : 8 Pages

**IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
CIVIL DIVISION**

**TIFFANY M. RAZO** **PLAINTIFF**

**v.** **Case No. 32CV-20-128**

**RUSSELL ADAMS;
NATHANIEL D. CRAWFORD;
SOUTHSIDE PUBLIC WATER AUTHORITY;
and JOHN DOE INSURANCE COMPANIES 1-10** **DEFENDANTS**

**RUSSELL ADAMS** **CROSS-PLAINTIFF**

**v.**

**NATHANIEL D. CRAWFORD; and
SOUTHSIDE PUBLIC WATER AUTHORITY** **CROSS-DEFENDANTS**

**ORDER**

Before the Court is Separate Defendant Southside Public Water Authority's ("Southside") two Motions to Dismiss. Southside seeks to dismiss the direct claims brought against it by Plaintiff Tiffany Razo in her Complaint, and by the defendant/cross-plaintiff Russell Adams in his Crossclaim. The motions focus on the same body of law and will be addressed together.

## I. Procedural History

This case stems from a July 28, 2019, motor vehicle accident involving the Plaintiff who was a passenger in the vehicle driven by defendant/cross-plaintiff Russell Adams and a pickup truck driven by Southside's employee Nathaniel Crawford ("Crawford"). Plaintiff filed suit against Adams, Crawford, and Southside on July 24, 2020. Plaintiff alleged Adams was negligent, Crawford was negligent, Southside was vicariously liable for Crawford's conduct, and Southside negligently hired Crawford, negligently trained Crawford, negligently supervised Crawford, and was negligent in entrusting its pickup truck to Crawford. Southside filed an Answer on August 24, 2020, admitting it would be vicariously liable for any fault placed on Crawford for the accident as

**EXHIBIT H**

he was acting within the course and scope of his employment at the time of the accident, but denied Crawford was at fault for the collision. Southside contemporaneously filed a motion to dismiss the Plaintiff's direct claims against it. Adams filed his Crossclaim against Crawford and Southside on September 28, 2020, claiming Crawford was negligent and caused the subject accident, that Southside negligently trained Crawford, negligently supervised Crawford, negligently hired Crawford, negligently entrusted its pickup truck to Crawford, failed to have adequate policies and procedures for its drivers regarding safety, and that Southside was vicariously liable for Crawford's conduct. Southside filed an Answer to the Crossclaim on October 28, 2020, again admitting it would be vicariously liable for any fault placed on Crawford for the accident as he was acting within the course and scope of his employment at the time of the accident but denied Crawford was at fault for the collision. As with its response to the Complaint, Southside contemporaneously filed a motion to dismiss Adams' direct claims against it.

## II. The *Elrod* Rule

Both of Southside's motions to dismiss address the applicability of the "Elrod rule" and the litany of cases interpreting *Elrod v. G & G Constr. Co.*, 275 Ark. 151, 628 S.W.2d 17 (1982) and *Kyser v. Porter*, 261 Ark. 351, 548 S.W.2d 128 (1977). Southside's motion and argument is well taken and for the reasons stated herein and in Southside's pleadings, the Court GRANTS Southside's motion to dismiss the direct negligence claims asserted by plaintiff Razo in the Complaint and the direct negligence claims asserted by defendant/cross-plaintiff Adams in the Crossclaim.

*Elrod* and *Kyser* established the point of law that if an employer, which is sued for vicarious liability for the acts of an employee, admits it will be vicariously liable for any negligent actions of its employee, then all claims asserted directly against the employer that seek damages for the same

occurrence as the underlying claim against the employee must be dismissed because they are duplicative of the claims for which the employer admitted vicarious liability. Elrod, 275 Ark. at 154, 628 S.W.2d at, 18-19 ("plaintiff [may] proceed on only one theory of recovery in cases where liability has been admitted as to one theory of recovery"); Kyser, 261 Ark. at 358, 548 S.W.2d at 132.

Although Arkansas law recognizes various claims that can be brought against an employer such as negligent hiring, negligent training, negligent supervision, negligent entrustment, and negligent retention, an employer's admission of vicarious liability for the acts of its employee(s) precludes these claims. Kyser v. Porter, 261 Ark. 351, 358, 548 S.W.2d 128, 132 (1977) ("Our cases hold that a negligent entrustor, though guilty of a separate tort, is only liable to a third party for his entrustee's negligence, if any"); Wheeler v. Carlton, No. 3:06 CV 00068 GTE, 2007 WL 30261, at *11–12 (E.D. Ark. Jan. 4, 2007) (relying on Elrod and Kyser in holding that a plaintiff could not proceed against a trucking company for negligent hiring and retention where the employer had admitted vicarious liability under *respondeat superior*); Regions Bank v. White, No. 4:06CV01475, 2009 WL 3148732, at 5 (E.D.Ark. Sept. 24, 2009) ("Because Daily Express has conceded vicarious liability for any negligent acts of White's, Regions cannot proceed against Daily Express on the additional theories of negligent retention, hiring, or entrustment."); Perry v. Stevens Transp., Inc., No. 3:11CV00048 JLH, 2012 WL 2805026, at 6 (E.D. Ark. July 9, 2012) (applying Elrod rule to dismiss negligent hiring, training, supervision, and retention claims against a trucking company); McCaslin v. French Trucking, Inc., No. 2:16-CV-000049 JLH, 2017 WL 4228204, at 3 (E.D. Ark. Sept. 22, 2017) ("When a defendant-employer admits that it is vicariously liable for the negligence of its employee, a plaintiff is allowed to maintain a claim on only one theory of recovery."); and Bizzell v. Transp. Corp. of Am., Inc., No. 4:16-CV-00376 JLH, 2017 WL 3381358,

at 4 (E.D. Ark. Aug. 4, 2017) ("When the defendant has admitted vicarious liability, however, a plaintiff may proceed only on a theory of *respondeat superior*."). Another important issue raised by Southside is that the inclusion of any direct claim against a principal would not entitle a claimant to any additional category of damages for the underlying tort.

It is also important to note an employer is not required to admit liability for the underlying tort, just that it will be vicariously liable for the actions of its employee. *See Regions Bank v. White*, No. 4:06-CV-01475 JLH, 2009 WL 3148732 (E.D. Ark. Sept. 24, 2009) (defendant employer admitted vicarious liability but denied fault for the accident through trial and all direct negligence claims were dismissed per *Elrod*); *Bizzell v. Transp. Corp. of Am., Inc.*, No. 4:16-CV-00376 JLH, 2017 WL 3381358, at 4 (E.D. Ark. Aug. 4, 2017) (defendant employer admitted vicarious liability per *respondeat superior* but denied fault for the accident and all direct negligence claims were dismissed per *Elrod*).

In the present case, Southside admitted it would be vicariously liable for any negligent conduct by Crawford, its employee, as he was acting within the course and scope of his employment at the time of the July 28, 2019, accident. This Court must apply the *Elrod* rule in the wake of this admission of vicarious liability, which requires the Court to dismiss all claims for negligent hiring, negligent training, negligent entrustment, negligent supervision, and negligent retention brought against Southside as these claims are preempted by the admission of vicarious liability and would not entitle the claimants to any additional damages for the underlying tort. Thus, the direct negligence claims asserted against Southside in the Complaint and Crossclaim are dismissed with prejudice.

## III. Policies and Procedures Exception

The second and more detailed portion of Southside's motions to dismiss focuses on the claims asserted against it for failing to have adequate policies and procedures in place to govern its operations. These claims were made pursuant to an alleged exception to the *Elrod* rule known as the policies and procedures exception which was first established by the United States District Court for the Eastern District of Arkansas in *Regions Bank v. White*, No. 4:06CV01475 JLH, 2009 WL 3148732 (E.D. Ark. Sept. 24, 2009). Southside's position is the policies and procedures exception is contrary to the underlying principle of *Elrod* and should not be adopted by this Court. Plaintiff and Cross-Plaintiff responded arguing the policies and procedures exception allows a claimant to pursue a claim against an employer for its direct negligence in causing an accident and is a valid exception to the *Elrod* rule.

After due consideration of the briefing and arguments of counsel, the Court declines to recognize the policies and procedures exception.

In the Court's view, claimants will always be able to circumvent the proscription against direct claims under the *Elrod* rule via the policies and procedures exception. As long as the policies and procedures exception is available, a claimant will be able to assert a defendant principal failed to have adequate policies and procedures to cover the situation at issue in the underlying tort no matter the situation. It is impractical to expect an employer to have a policy and procedure applicable to 100% of scenarios they or their employees may face. With the exception, claimants will always be able to allege a principal failed to have applicable policies in place to govern its agent's actions in the specific situation giving rise to the underlying tort claim creating a direct claim against the principal when the *Elrod* rule would otherwise bar such claims. This exception swallows the *Elrod* rule and renders its prohibition against direct negligence claims useless.

An additional concern with the policies and procedures exception is its service as a method to "backdoor" in several types of prejudicial and irrelevant evidence of a principal's operations which would be barred under the Elrod rule. Although this Court is far from ruling on evidentiary issues, the concern as to the potentially prejudicial evidence was raised by the Arkansas Supreme Court in Elrod when it affirmed the trial court's decision to not admit an employee's prior driving record, "the potential problems and possible prejudice that could be created by the introduction of a prior bad driving record in our view outweigh any possible advantages." 275 Ark. at 155, 628 S.W.2d at 19, see also *Perry v. Stevens Transp., Inc.*, No. 3:11CV00048 JLH, 2012 WL 2805026, at 6 (E.D. Ark. July 9, 2012) ("certain evidence that would be admissible on the punitive damages claim would be inadmissible and perhaps unfairly prejudicial apart from that claim."). For example, if the policies and procedures claims were allowed to move forward, they would allow discussion and potential admission of, among other things, Crawford's past driving history as it relates to Southside's policies and procedures for hiring employees which is not relevant to the claims of negligence for the accident asserted against Crawford.

Furthermore, no other state which has a preemption rule like the *Elrod* rule recognizes an exception similar to the policies and procedures exception created in *Regions*. The *Elrod* rule as it is known in Arkansas, is known as the "*McHaffie*" rule or "preemption" rule in other jurisdictions. *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). The only other exceptions to any *Elrod* type rule this Court is aware of is (1) when a claim of punitive damages is ruled valid, and (2) when a claim is made against a principal because the principal supplied defective equipment to its employee and the defect was the cause of the underlying tort, see *Wise v. Fiberglass Sys., Inc.*, 110 Idaho 740, 744, 718 P.2d 1178, 1182 (1986). The defective equipment exception has not been adopted by Arkansas Courts but the punitive damage exception has, see *Wheeler v. Carlton*, No. 3:06 CV

00068 GTE, 2007 WL 30261, at *11–12 (E.D. Ark. Jan. 4, 2007) and *McLane v. Rich Transport, Inc.*, No. 2:11-CV-00101 KGB, 2012 WL 3257658, at *5-6 (E.D. Ark. Aug. 9, 2012).

All in all, the inherent conflicts between the policies and procedures exception and the *Elrod* rule displays the exception's lack of a sound legal foundation. The exception should not be broader or swallow the rule it excepts, and that is what the policies and procedures exception does to the *Elrod* rule. Because the policies and procedures exception to the *Elrod* rule is incompatible with the holding of the *Elrod* case, this Court does will not adopt the exception. Thus, the claims asserted against Southside in the Complaint and Crossclaim for failure to have adequate policies and procedures concerning its operation are dismissed with prejudice.

IT IS SO ORDERED

______________________________

Holly Meyer
Independence County Circuit Judge

Prepared by:

Eric H. Eggburn
AR BAR NO: 2017111
Munson, Rowlett, Moore & Boone, P.A.
Eric.eggburn@mrmblaw.com
*Counsel for Separate Defendant Southside Public Water Authority*

Arkansas Judiciary

| | |
|---|---|
| **Case Title:** | TIFFANY RAZO V SOUTHSIDE PUBLIC WATER AUTH ET AL |
| **Case Number:** | 32CV-20-128 |
| **Type:** | ORDER MOTION GRANTED |

So Ordered

Holly L. Meyer, 16th Circuit Division 1 Judge