**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS as Personal Representative And SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased,** **PLAINTIFF**

**v.** **CASE NO.: 6:25-CV-06053-SOH**

**MONTANA CARRIERS, INC. et al.** **DEFENDANTS**

**DEFENDANTS' MOTION TO STRIKE EXHIBIT A OF PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendants, Montana Carriers, Inc. and Jagdeep Dhillon ("Defendants"), by and through their attorneys, Puryear Mayfield & McNeil, P.A. and Wilson Elser Moskowitz Edelman & Dicker LLP, and for their Motion to Strike Exhibit A of Plaintiff's Response to Motion for Partial Summary Judgment, state:

1. Pursuant to Fed. R. Civ. P. 12(f), Defendants move this Court to strike the Affidavit of Plaintiff, Mikki Hastings, submitted as Exhibit A to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment. (D.E. 33-1) The Affidavit is self-serving, contradicts Plaintiff's deposition, and was improperly submitted in opposition to Defendants' motion for partial summary judgment to create an issue of fact.

2. The Affidavit includes information that is disclosed to Defendants for the first time at the stage of motion for summary judgment and attempts to circumvent Defendants' motion. The Court should strike the Affidavit because it is not submitted to clarify confusion or clear up any vague statements made in Plaintiff's deposition.

3. Plaintiff's Affidavit provides new information regarding her relationship with the decedent, Mr. Willis Paul Lee, and directly responding to the arguments in Defendants' motion

for summary judgment. The deposition stands alone and did not require a supplemental affidavit to clarify any confusion. Plaintiff was given ample opportunity to explain in her deposition and failed to create a genuine issue of material fact with respect to her status as a statutory beneficiary. Plaintiff has submitted a sham affidavit.

4. The "[c]ourt may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resolution Trust Corp. v. Fleischer*, 835 F.Supp. 1318, 1320 (D. Kan. 1993).

5. The Affidavit is prejudicial to Defendants for the reasons stated herein and in the Memorandum in Support of this Motion filed contemporaneously herewith. Therefore, they move to strike the Affidavit.

6. This Motion is also supported by the pertinent portions of the deposition of Plaintiff, Mikki Hastings, dated October 8, 2025. (Ex. 1)

WHEREFORE, Defendants, Montana Carriers, Inc. and Jagdeep Dhillon, move this Court to strike Exhibit A of Plaintiff's response to the Motion for Partial Summary Judgment, as set forth herein; and for all other relief to which they are entitled.

Respectfully submitted,

Brian Del Gatto (admitted *pro hac vice*)
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
(914) 584-9187
Brian.DelGatto@wilsonelser.com

and

Jeffrey W. Puryear (Ark. Bar No. 93109)
Mark Mayfield (Ark. Bar No. 93180)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

By: /s/ Jeffrey W. Puryear
*Attorney for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear