**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MIKKI HASTINGS as Personal Representative And SPECIAL ADMINISTRATRIX of the Estate of WILLIS PAUL LEE, JR., DECEASED, on behalf of the individual and survival heirs and Wrongful Death Beneficiaries of WILLIS PAUL LEE, JR., deceased,** **PLAINTIFF**

**v.** **CASE NO.: 6:25-CV-06053-SOH**

**MONTANA CARRIERS, INC. et al.** **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF MIKKI HASTINGS, EXHIBIT A OF PLAINTIFF'S RESPONSE**

## I. INTRODUCTION

Plaintiff was deposed by defense counsel on October 8, 2025, and Plaintiff's counsel was present for the entire deposition.

On May 27, 2026, after the close of discovery, Defendants filed their motion for partial summary judgment, in part on the issue of whether Plaintiff's decedent, Willis Paul Lee, stood *in loco parentis* to Plaintiff. Plaintiff responded on June 10, 2026, and included an Affidavit signed by her and attached as Exhibit A. (D.E. 33-1) The Affidavit altered the narrative Plaintiff provided in her deposition. The Affidavit attempts to raise new sham issues of fact for the sole purpose of surviving summary judgment and should be struck from the record.

## II. LAW & ARGUMENT

### A. Legal Standard

Plaintiff's Affidavit may be struck from the record pursuant to Fed. R. Civ. P. 12(f). The Eighth Circuit has held that an affidavit that contradicts a party's previous sworn deposition testimony, without circumstances showing that the affidavit clears confusion or rectifies a mistake

from the deposition, does not create a genuine issue of fact. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983). Issues of fact manufactured in such affidavits create sham issues. *Id.*; *see also Peterson v. Equifax Info. Servs.*, 44 F.4th 1124, 1127 (8th Cir. 2022). Summary judgment is proper where an "unexplained revision of testimony create[s] an issue of fact where none existed before." *City of St. Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006) (*quoting Wilson v. Westinghouse Electric Corp.*, 838 F.2d 286, 289 (8th Cir. 1988)). If sworn testimony can "be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment." *Camfield*, 719 F.2d at 1365.

**B. The Affidavit Raises Sham Issues of Fact.**

**i. The Affidavit contradicts Plaintiff's deposition.**

No party should be allowed to create issues of credibility or fact by contradicting her own previous testimony. *Id.* at 1366. Where a declaration directly contradicts previous deposition testimony by the same party making the declaration, the declaration is insufficient to create an issue of fact under Rule 56. *Peterson*, 44 F.4th at 1127. Post-deposition affidavits are not allowed to contradict prior testimony in an attempt to create issues of fact. *Taylor v. Cottrell, Inc.*, 795 F.3d 813, 818 (8th Cir. 2015) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008)).

Here, the Affidavit includes statements that are contrary to Plaintiff's deposition with respect to the nature of her relationship with Mr. Lee. Plaintiff's deposition described a normal niece-uncle relationship where they were in contact, saw each other regularly, and took on some projects together. Her Affidavit tells a different story.

Plaintiff testified that it had been over 30 years since Mr. Lee provided financial help to her. (Ex. 1, at 101:24-102:9) She contradicts herself in her Affidavit stating that Mr. Lee supported Plaintiff through the death of her biological father. (D.E. 33-1, ¶¶12-15, at 2-3)

Specifically, Plaintiff states that Mr. Lee helped pay for the funeral. *Id.*, ¶15. Plaintiff's father died in 2008, so the support she mentions for the first time in her Affidavit contradicts her prior statement.

The Affidavit states that Mr. Lee was "in every meaningful sense, [her] father." (D.E. 33-1, ¶36, at 5) However, when asked about her father during the deposition, Plaintiff spoke of her biological father, Billy Lee, not her uncle, Willis Paul Lee. (Ex. 1, at 23:13-15) She was not prompted to speak of her biological father instead of her uncle. Her Affidavit, however, calls Mr. Lee her father in every meaningful sense.

In the deposition, Plaintiff testified that she last saw Mr. Lee in March 2024, and that they did not speak or text and he did not return to her home. (Ex. 1, at 86:13-88:17) Alternatively, in her Affidavit, she stated that Mr. Lee remained as her father figure "until his death." (D.E. 33-1, ¶36, at 5) Their relationship terminated after the last time she saw him, as further evidenced by the fact that she was unaware of his accident for almost three months after the fact. (Ex. 1, at 43:1-13)

Plaintiff's Affidavit states that Mr. Lee helped her family by giving her husband a job. (D.E. 33-1, ¶9, at 2) She also testified in her deposition that Mr. Lee only provided her with financial help when she was 17. (Ex. 1, at 102:2-9) Finding her husband a job was undoubtedly providing financial help to her and her family; and if she was confused by the context of the question, she had ample opportunity to address her confusion.

Finally, Plaintiff was given the opportunity to clear up any confusing questions or previously unclear answers at the end of her deposition. (Ex. 1, at 106:13-17) Plaintiff testified that she answered all questions truthfully. (Ex. 1, at 106:10-12) Yet she submitted her Affidavit

contradicting her deposition without establishing a basis for any information contained therein being new or based on newly discovered information.

The Affidavit and deposition contain specific and general inconsistencies, which are not clarifying any confusion or addressing a mistake by Plaintiff. This is not a situation where the Affidavit was submitted to clear up confusion or vague statements made in the deposition.

**ii. Plaintiff had her chance in the deposition.**

Plaintiff was adequately examined during her deposition both by defense and her own counsel. In *Camfield Tires*, the Eighth Circuit found that "the plaintiff was cross-examined at length on the subject during the earlier deposition, could not complain of lack of access to material facts and did not put forth newly discovered evidence in the later affidavit." *Camfield Tires, Inc.*, 719 F.2d at 1364.

Here, Plaintiff was examined at length. Her deposition was nearly four (4) hours long, and she was cross-examined by her own counsel. (Ex. 1, at 106:24-110:23) She had the opportunity to clarify any answers during her deposition. Plaintiff asserts in her Affidavit that she "would have expanded" on her answers had she been asked. (D.E. 33-1, ¶¶8, 21, 26, at 2-4) Plaintiff's assertion that she did not provide relevant information in her deposition because she did not feel she was asked is misguided at best. In the beginning of her deposition, she understood that she was supposed to give truthful responses and that if she answered a question, it would be assumed that she understood the question. (Ex. 1, at 6:6-7:1) She also testified that she would ask for a question to be re-stated or rephrased if it did not make sense. *Id.*

Plaintiff was adequately examined during her deposition. No follow-up Affidavit was needed or appropriate. The entire deposition was an interview of Plaintiff regarding her relationship with her uncle, Mr. Lee. The Court should strike her Affidavit.

**C. The Affidavit is Self-Serving.**

Plaintiff's Affidavit is self-serving and newly alleges that Plaintiff and Mr. Lee had a relationship that was akin to father-daughter, which is required for Plaintiff to prove that she is a wrongful death beneficiary. In *Frevert v. Ford Motor Co.*, 614 F.3d 466 (8th Cir. 2010), the plaintiff filed an affidavit contradicting prior testimony and pleadings after defendant filed its motion for summary judgment that pointed out the deficiencies in plaintiff's claims. In the affidavit, for the first time, the plaintiff alleged elements crucial to his complaint. *Id.* at 473-74. The Court provided that a properly supported motion for summary judgment is not defeated by self-serving affidavits. *Id.* at 473 (internal citations omitted). The plaintiff must substantiate allegations with sufficient probative evidence that permits a finding for plaintiff. *Id.* at 473-474. The affidavit was found to be self-serving as it added a crucial element to his cause of action that was never alleged in the complaint. *Id.* at 474 (emphasis in original opinion).

Plaintiff's Affidavit seeks to add evidence that Mr. Lee stood *in loco parentis* to her, but her Affidavit is not supported by the record and does not reflect the relationship described in her deposition. Like the plaintiff in *Frevert*, Plaintiff failed to substantiate her claim via the record through summary judgment, so her self-serving Affidavit should be struck.

The timing of Plaintiff's Affidavit is important. In *City of St. Joseph v. Sw. Bell Tel.*, 439 F.3d 468 (8th Cir. 2006), a plaintiff submitted an affidavit the same day as their opposition to a summary judgment motion. This timing of the affidavit contributed to the Court's finding that the plaintiff engaged in a "last-minute effort to create a genuine issue of material fact to prevent the [court's] entry of summary judgment," in favor of defendants. *Id.* at 476. The affidavit was considered a "sudden and unexplained revision of testimony [that] create[d] an issue of fact where none existed before." *Id.* (internal citation omitted).

Here, Plaintiff engages in a last-minute attempt to create an issue of fact. She was deposed in October, yet failed to make any effort to clarify or expand upon her comments until Defendants filed their motion for summary judgment on the issue of whether Mr. Lee stood *in loco parentis* to Plaintiff. Plaintiff had seven months to establish the nature of her relationship with Mr. Lee, but failed to do so.

The timing of Plaintiff's Affidavit, combined with the other fundamental contradictions and inconsistencies highlighted above, indicate Plaintiff is making a last-ditch effort to create an issue of fact.

## III. CONCLUSION

Plaintiff's Affidavit creates sham issues of fact and nothing more. Her deposition testimony adequately described her relationship with Mr. Lee and presented ample opportunity to expand upon same. Plaintiff's failure to do so supports Defendants' position that Mr. Lee did not stand *in loco parentis* to Plaintiff. Accordingly, Plaintiff's Affidavit should be struck from the record.

Respectfully submitted,

Brian Del Gatto (admitted *pro hac vice*)
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
(914) 584-9187
Brian.DelGatto@wilsonelser.com

and

Jeffrey W. Puryear (Ark. Bar No. 93109)
Mark Mayfield (Ark. Bar No. 93180)
PURYEAR MAYFIELD & McNEIL, P.A.
3000 Browns Lane
Jonesboro, AR 72401
(870) 932-0900
jpuryear@pmmlawfirm.com

By: /s/ Jeffrey W. Puryear
*Attorney for Defendants,*
*Montana Carriers, Inc. and Jagdeep Dhillon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record.

Bryce Brewer
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, Arkansas 72222
bbrewer@rainfirm.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear